Chief Justice Marshall
delivered the opinion of the Court.
In this action for a libel against Johnson, and others,, the declaration states that the defendants wickedly intending, &c., did on, &c., maliciously publish of and concerning the plaintiff a certain false, scandalous, and defamatory libel, containing among other things the false, scandalous, and defamatory matters following of and concerning the plaintiff, that is to say: “To the Chancellor of the Christian Circuit Court, the complainants Robinson Johpson, &e., executors of the last will and testament of Samuel Johnson deceased, would respectfully represent, &c.” The declaration goes on to copy the statements made in the alleged libel importing that the testator had executed to John Forbes his note for about $208, payable in lumber on demand; that a considerable portion of the lumber having been delivered, part before the testator’s death, Wm. Johnson, one of the complainants, (now defendants,) on the day of called on James Forbes, then the holder of the note, and as they believe á partner with said John in the whole transaction, for the purpose of settling the amount of credits, &c., when $151 44 was the amount agreed on, and credited on account of lumber delivered — that said W. Johnson then discovered that said note purported to have been executed for about $308, and that on the reverse side it was endorsed in figures for about $208, and having always understood from those present when the note- was executed, that it was only for about $208, he (W. Johnson,) then questioned the correctness of said note, and intimated that it had been altered fraudulently — that said payments were *49 made without knowledge of said fraudulent alteration— that complainants (now defendants,) have been informed that there is now an assignment on said note which obscures or obliterates the figure 2 in the figures 208 endorsed on it, and that said figure 2 has been changed tofigure 3, so as to correspond with the sum mentioned in the note — that they (complainants, now défendants,) are informed, believe and charge that there was no assignment on the note when the credit was endorsed, but it has been since made with the intent and purpose of destroying a part of the evidence of the alteration of said note — that they have called on said James Forbes, (the plaintiff,) to produce said note to them, also to sue upon it, both of which he has failed to do — that if said note is just they are ready and willing to pay it — that they are anxious to wind up and settle the estate of their testator, and therefore demand the production of the note as a voucher (by the credit on it,) and the only voucher for their payments on it — that they have measured and set apart lumber to satisfy the balance of the note, and notified John and James Forbes to come and receive it and surrender the note, which they have failed and refused to do. That they (the present defendants,) believe and charge that the note has been fraudulently changed and altered with the intent to defraud and swindle the estate of the testator; that they believe and charge that the note itself furnishes evidence that it has been tampered with, and they apprehend it will be held up or lost and not attempted to be enforced until all the evidence of its alteration shall have been lost, or until all witnesses shall have died.
Demutter filed thereto.
Inuendoes are inserted in the declaration at the end of almost every statement of the alleged libel, applying the various charges to the plaintiff, and inferring against him the charge of fraud and forgery. And a demurrer to the declaration having been sustained the only question now presented is, whether it discloses a good cause of action.
Where libelous matter is substantially charged to one or the other of two individuals, either may sue.
It is contended in the first place, that there is not enough in the face of the declaration to authorize the inuendo that the charges made or implied were intended to be made against the plaintiff. And in the second place, that if there be enough for this purpose, as the alleged libel appears to have been a bill in chancery, its publication as such, cannot be made the ground of an action for a libel, because it is in the course of justice.
With regal’d to the matter of the alleged libel, we think it clearly imports the charge, 1st, of a fraudulent alteration of the sum or amount of the note, to the injury of the party bound by it, and to the advantage of the holder. 2d, a fraudulent alteration of the figures endorsed on the note as a means of concealing or facilitating the first fraud. And 3d, the fraudulent withholding of the note, and failure and refusal to sue thereon for substantially the same purpose. And as the two latter charges apply to the time when the plaintiff seems to have been the holder of the note, and therefore to refer to his conduct, they tend also to implicate him in the first charge, and thus to authorize the inuendo applying that charge to him. And if this were not so, still the charge if not, confined to the plaintiff, evidently imports that the fraudulent alteration was committed by either John or James Forbes, and as it does not discriminate between them but is equally a charge against each, we are of opinion that it is in effect a charge against both, and that either and each may sue for the libel, applying the charge to himself. If each has not the right to maintain the action for words importing that one or the other of them (without further discrimination,) had been guilty of a crime, it cannot be maintained by either. And the wilful libeller might shield himself from responsibility by making his chai-ges in the alternative against two, though in fact the mischief to each would be substantially the same as if he had charged both jointly or each separately. A charge that one or the other of two persons committed a crime, is in truth, an imputation against both, and gives to each *51 a right of action. It was not necessary to introduce any extraneous matter in order to point the charge against the plaintiff, because the alleged libel itself contains enough to authorize its application to him.
It Is well settled that words spoken or written in the course of justice, and pertinent to a legal proceeding within the jurisdiction of the tribunal to which they are addressed, and to the remedy then sought, are not actionable, tho’ they be false, “unless résorted to merely for the purpose of conveying the scandal, and as a cover for the malice of the party, and not in good faith for the assertion of a right, or the redress of a wrong:’’ (5 Johns. Rep. 521) Courts of equity have jurisdiction to give relief in ease of a forged instrument, by decreeing its release or surrender, as well as to perpetuate the testimony of the forgery or fraud: Leigh vs Ever-hart’s executors: (4 Monroe, 379, 382.)— argu.
But is the paper or writing from which the extracts are made in the declaration, to be regarded as in itself a libel on which an action can be sustained ? The principle is well settled and is indeed essential to the ends of justice, which demand that there should be a free resort to judicial tribunals and to the remedies furnished by the law, that words spoken or written in the course of justice, and pertinent to a legal proceeding within the jurisdiction of the tribunal to which they are addressed and to the remedy sought in’that tribunal, are not actionable though they be false, unless the proceeding were resorted to merely for the purpose of conveying the scandal and as a cover for the malice of the party, and not in good faith as a remedy for the assertion of a right or the redress of a wrong. The case of Thorn vs Blanchard (5 Johns. R. 521,) and the authorities there cited, fully sustain this position. And the case of Leigh vs Everhart's Ex'rs., (4 Mon. 379, 382,) decides that a Court of equity has jurisdiction to give relief in the case of a forged instrument, by decreeing its release or surrender, as well as to perpetuate the testimony of the forgery or fraud. And it is there said that it is no objectiondo the jurisdiction that the Court will not compel the defendant to answer to the forgery. And although the alleged libel in this case imports a charge of forgery, it neither expressly charges it, nolis it to be assumed that it calls upon the other party to disclose it, since its statements clearly imply that there-is other evidence of the fraudulent acts relied on.
The paper charged to be a libel seems so far as it is shown in the declaration, to be properly and aptly framed for obtaining relief on the ground-of the fraudulent alteration of the note referred to. If it be taken as a bill in chancery filed for the purpose either of perpetuating evidence or of obtaining a surrender of the *52 note, or a release against it, we think it is not actionable as a libel, without such additional averments as would show it was resorted to merely as the vehicle of slander and malice and not in good faith as a remedy in a Court of justice. And as it purports to be a bill in chancery laying a proper ground for relief in a Court of equity, we are of opinion that although the declaration professing, to state only a part of its contents, does not state any prayer, yet as there is no averment that it was not filed as a bill in chancery, or that it was otherwise published than as a bill in chancery, it is to be taken prima facie to be what it purports to be, and is therefore, not properly the ground of an action though its allegations be untrue, unless it were shown in the declaration that it was filed in bad faith, and merely for the purpose of slander. It is said that a party might put his libel in the form of a bill in chancery, and carrying it about and publishing it in that foim give currency to the most foul and injurious calumnies. The position above stated wpuld furnish no impunity for such a course, but only requires that the party injured shall in substance show in his declaration that such a course has been pursued, and. declares that in the absence of any averment to the contrary, the paper charged to be a libel will be taken to be what it purports to be. For which principle the case of Hart vs Reed, (1 B. Mon. 166,) seems tó be an authority.
McLarning for plaintiff; Morehead Sf Reed for defendants.
Wherefore the judgment is affirmed. .