CASE 90—LIBEL—NOVEMBER 18.

## Gaines v. Aetna Insurance Company.

APPEAL FROM HENRY CIRCUIT COURT.

| | |
|---|---|
| 104 | 695 |
| e126 | 227 |

| | |
|---|---|
| 104 | 695 |
| 138 | 586 |

LIBEL—PRIVILEGED STATEMENTS— MATTER SET UP IN PLEADING.— An action does not lie for false, malicious and libellous matter pertinent and relevant to the issue, contained in an answer filed in a pending action, although the party making such allegations acted in bad faith in making them and knew at the time that they were false and without color of truth, and that they were made to defame plaintiff.

J. HARDING FOR APPELLANT.

Defamatory matter set up in a pleading is only privileged when the pleader asserted it in good faith. Harward v. Keech, 4 Hun., 389; Lucas v. Case, 9 Bush, 297; Hilliard on Torts, 355; Hart v. Reed, 1 B. M., 166; Dada v. Piper, 41 Hun., 254; Hoar v. Wood, 3 Met. (Mass.), 193; Ring v. Wheeler, 7 Cowan (N. Y.), 725; Hastings v. Lusk, 22 Wend., 410.

Gaines v. Aetna Insurance Company.

W. S. PRYOR, ALSO FOR APPELLANT.

No defamatory matter is privileged where it is uttered maliciously and without probable cause.     Woods v. Finnell, 13 Bush, 628.

W. B. MOODY AND H. K. BOURNE, ALSO FOR APPELLANT.

(No brief on file.)

J. BARBOUR AND J. D. CARROLL FOR APPELLEE.

The alleged defamatory matter contained in the answer was pertinent and relevant to the issue and was therefore absolutely privileged.   Cooley on Torts, p., 211; Townshend on Slander and Libel (4th Ed.), sec. 221; Odger on Libel & Slander, s. p. 187, 191, 192; Lawson v. Hicks, 38 Ala., 279; s. c. 81 Am. Dec., 49; Am. & Eng. Enc. of L., vol. 13, p. 406; Hardin v. Cumstock, 2 Mar., 480; Forbes v. Johnson, 11 B. M., 48; Morgan v. Booth, 13 Bush, 482; Stewart v. Hall, 83 Ky., 375; Runge v. Franklin, 72 Tex., 585; s. c. 13 Am. St. R., 833; Hart. v. Baxter, 48 Mich., 197; 10 N. W. R., 198; Hastings v. Lusk, 22 Wend., 410; s. c. 34 Am. Dec., 330; Gilbert v. People, 1 Denio, 41; s. c. 43 Am. Dec., 646; Link v. Moore, N. Y. Supp., vol. 3, p. 461; Lucas v. Case, 9 Bush, 297; Hart v. Reed, 1. B. M., 166; Harwood v. Keech, 4 Hun., 389.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant, W. T. Gains, brought this action in the Henry Circuit Court against appellee, Aetna Insurance Company, for damages for libel.   A demurrer entered to the petition was sustained, and the petition dismissed, and plaintiff appeals.

The petition, after charging that appellee is a corporation, and authorized to sue and be sued, alleges that in 1895 the plaintiff (appellant) instituted suit on a certain policy of insurance for the loss of tobacco, and that in that action the defendant (appellee) filed an answer on the 11th day of May, 1895, "in which it made the following false and malicious allegation of and con-

Gaines v. Aetna Insurance Company.

cerning this plaintiff, to-wit: 'Defendant, for further answer, avers that the barn and its contents, including the tobacco insured, were destroyed either by the gross and reckless carelessness  and negligence of the plaintiff, or were intentionally destroyed by him for the fraudulent purpose of rendering this defendant, and the other companies which had insured the barn and corn therein, and also the tobacco, liable for the amount of the insurance, which greatly exceeded the actual value of the property insured,' meaning by said language to charge the plaintiff, and thereby charging him, with the felonious offense of burning said barn and its contents, including the tobacco insured by the defendant, for the purpose of collecting from defendant and the other companies which had insured it the amount of insurance thereon.  Plaintiff says that said allegations were false and absolutely groundless; that the defendant, by its aforesaid agents and attorneys, at the time of and before the composing, uttering, or publication thereof, knew they were false and without the color of truth or probability, and that they could not be sustained by proof.  But in order to defame, injure, and ruin plaintiff, the defendant, by its said agents and attorneys, falsely and maliciously composed, uttered, and published said words of and concerning plaintiff, and maliciously used said legal proceedings, in bad faith, as a cloak to said libelous utterances, and that plaintiff was damaged thereby in the sum of ten thousand dollars." It will be noticed that the petition is not defective in any way as to form, and, if the demurrer was properly sustained, it was because of substance.   The allegations of the petition being taken as true on demurrer, present the question. does an action lie for false, malicious, and libelous matter contained in an answer filed in an action pending, if the

party making such allegations acted in bad faith in making such allegations, and knew at the time and before that they were false and without color of truth or probability, and they were made in order to defame, injure, and ruin a plaintiff? Mr. Cooley in his work on Torts (page 211), divides privileged communications into two classes. One, he says, are absolutely privileged, so that no action will lie. To this class are those uttered or written in judicial proceedings, *when pertinent and relevant*. The other class are those that are held to preclude any presumption of malice, but still leave the party liable if both falsehood and malice are affirmatively shown. Townshend on Slander and Libel, sec. 221, says: "In a civil action whatever the complainant may allege in his pleadings as or in connection with his grounds of complaint can never give a right of action for libel. The immunity thus enjoyed by a party complaining extends also to a party defending. Whatever one may allege in his pleadings by way of defense to the charge brought against him, or by way of countercharge, counterclaim, or set-off, can never give a right of action for libel. In such cases the protection is absolute, and no one shall be permitted to allege that it was said or written with malice." This same doctrine is assented to by Odger in his work on Libel and Slander. Counsel for appellant, though strongly insisting that the demurrer should have been overruled; that the alleged libelous matter was not privileged, but actionable—cites no authority or precedent for his position. We are of opinion that the demurrer was properly sustained. The paragraph of the answer objected to as libelous was certainly pertinent and relevant to the defense presented by appellee to that action, and though the allegations be untrue, and were known to be untrue when made, and also conceding that they were

made with bad motives, still, for obvious grounds of public policy, no action will lie therefor. Their truth has been inquired into in the former case. We recognize the well-known doctrine that an action will lie for the malicious prosecution of a civil action, but this rule and its reasons could hardly apply to a defense. While a party may be liable for an unwarranted, malicious, and vexatious action begun by him, we know of no court holding that a party is liable for damages caused by a vexatious and spurious defense, even though it be for delay merely, to just demand. If the defense presented be pertinent and relevant, and one permitted by law, a party has a right to make it, without subjecting himself to an action for libel if he fails to maintain it. This is absolutely privileged. There being no error, the judgment is affirmed.