CASE 105—ACTION BY W. S. DAVIS AGAINST W. T. MONROE, FOR SLANDER.—OCTOBER 19.

# Monroe v. Davis.

APPEAL FROM EDMONSON CIRCUIT COURT—B. W. BRADBURN, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

SLANDER—JUDICIAL PROCEEDINGS—PLEADINGS—PRIVILEGE—SLANDER-OUS ALLEGATIONS.

1. An allegation in a petition by a creditor of an estate against the executrix and her bondsman that the bondsman carried away and converted to his own use goods and merchandise of the deceased without paying therefor or reimbursing the estate in any way, was not slanderous, as importing a charge of larceny.

2. Where an unpaid creditor of a decedent's estate brought suit against the administratrix and her bondsman to recover the amount of the debt on the ground of assets unadministered, and allegation that the bondsman had converted certain goods belonging to deceased without paying therefor, which claim was alleged to constitute a part of the alleged unadministered assets was germane to the issue, and therefore privileged.

J. S. WORTHAM, ATTORNEY FOR APPELLANT.

1. We submit that words used in a petition by appellant in an action against the administratrix of an estate and the sureties on her bond, that "the defendant carried away and converted to his own use a lot of the goods and merchandise from the store which was a part of the estate left by decedent, and without paying anything for them or reimbursing the estate in any way," are not libelous.

2. Such language does not import either a charge of felony or misdemeanor.

3. The petition in this case does not allege that the words complained of were not pertinent to the issue and to the assertion of plaintiff's rights.

4. The petition does not allege that appellant resorted to the proceeding against the administratrix and her securities for the

Monroe v. Davis.

purpose of conveying the scandal or as a cover for his malice or not in good faith as a remedy for the assertion of his rights.

5. Malice can not be implied from the falsity of the charge provided the words charged were pertinent to the issue.

6. Privileged words are not actionable unless they were resorted to for the purpose of covering malice or conveying scandal.

### AUTHORITIES CITED.

1. Words privileged.    **Forbes v. Johnson**, 11 B. Mon., 51; Gardemal v. McWilliams, 26 Am. St. Rep., 195; Rothholz v. Dunkle, 26 Am. St. Rep., 432; Hartsock v. Reddick, 38 Am. Dec., 141; Gilbert v. People, 43 Am. Dec., 646; Hasting v. Lust, 34 Am. Dec., 330; Mower v. Watson, 34 Am. Dec., 704; Stewart v. Hall, 83 Ky., 375; Harper v. Harper, 10 Bush, 455; Morgan v. Booth, 13 Bush, 480; Lucas v. Case, 9 Bush, 303; Hardin v. Cumstock, 2 Mar., 481; Townshend on Slander and Libel, secs. 209, and notes 348, 350, 358 and 359.

2. Words pertinent.    Newell on Slander and Libel, p. 391 and sec. 9; Townshend on Slander and Libel, p. 532, and sec. 288; Crockett v. McLanahan, 61 L. R. A., 914.

Opinion of the court by JUDGE PAYNTER—Reversing.

The estate of W. O. Doyel, deceased, of which his widow, Mary E. Doyel, was administratrix, was indebted to the appellant.    The appellee was the surety of Mary E. Doyel on her bond as administratrix.    The decedent seems to have been a merchant, and at his death had some merchandise. The administratrix failed to pay the appellant's debt, and he instituted an action against her and her surety, W. S. Davis, to recover it.    The plaintiff sought to recover upon the idea that there were assets in the hands of the personal representative, and that one of them was a liability of the appellee to the estate.    To show that liability the plaintiff's petition contained an averment as follows: "Plaintiff says that the defendant, William Davis, carried away and converted to his own use a lot of the goods and merchandise from the store, which was a part of the estate left by W. O. Doyel, and without paying anything for them, or reimbursing

the estate in any way; and plaintiff says that said defendant,
William Davis, is liable for the payment of his debt in so
much as the goods carried away by him were worth." This
action was instituted by the appellee, Davis, against the ap-
pellant, in which it was averred that the words thus used
were false and slanderous, because they import that he was
guilty of larceny by feloniously taking goods from the store
left by the decedent. It was averred that the words were
not germane or pertinent to the matters at issue in the ac-
tion in which they were used, and that they were used for the
malicious purpose of slandering the plaintiff, and to injure
his good name and reputation. There was no averment in
the petition that the appellant instituted the proceeding
against the administratrix and her surety for the purpose
of slandering the plaintiff, or as a cover to his malice, or
that the proceeding was not instituted in good faith to es-
tablish his rights. In our opinion, the words did not import
a charge that the appellee stole the goods from the store-
house, or that he even took them without the consent of the
administratrix. The words used do not import more than
that he converted some goods to his own use that were in
the store. The appellant sought to make the defendants
liable for the value of the goods alleged to have been con-
verted. The words were used in the course of a judicial
proceeding. The courts are open to every citizen to insti-
tute proceedings to have his wrongs redressed or to have
his rights enforced. In the case of Forbes v. Johnson, 11
B. Mon., 51, the court said: "The principle is well settled,
and is, indeed, essential to the ends of justice, which de-
mand that there should be a free resort to judicial tribunals
and to the remedies furnished by the law that words spoken
or written in the course of justice, and pertinent to a legal
proceeding within the jurisdiction of the tribunal to which

Monroe v. Davis.

they are addressed, and to the remedy sought in that tribunal, are not actionable, though they be false, unless the proceedings were resorted to merely for the purpose of conveying the scandal, and as a cover for the malice of the party, and not in good faith as a remedy for the assertion of a right or the redress of a wrong." In the case of Morgan v. Booth, 13 Bush, 483, the court said: "A party to a judicial proceeding may, by himself or counsel, write or say anything of and concerning the case, or of a witness who testified in the case, that is pertinent and material to the matter in controversy, and he can not be held to answer for scandalous words, unless, under the pretense of pleading his cause, he designedly wanders from the point in question, and maliciously heaps slander upon the party whose conduct or evidence is under consideration; and, so long as it can be said that such party confines himself to that which is pertinent and material, he is under no obligation to show that his words are absolutely true, and can not be made to answer for maliciously saying that which the law permits him to say." The issue was as to the conversion of the goods and as to their value. The language used was not only pertinent to the proceeding within the jurisdiction of the court, but it was used in stating the cause of action. The appellant did not wander from the issue in the case. There is no averment that the suit was instituted against the administratrix and her surety for the purpose of "conveying the scandal, and as a cover for the malice of the party, and not in good faith as a remedy for the assertion of a right or the redress of a wrong;" hence the question is not before us whether an action instituted for the purpose of conveying slander, etc., and in which false and slanderous words were used, would give the injured party a cause of action. The plaintiff sought to state a cause of action for slander by

averring that the words imported that he had committed a felony, and that they were not pertinent to the issue in the proceeding. The instructions which the court gave the jury were erroneous, but, in view of the conclusions we have reached, we deem it unnecessary to point out the errors therein.

The judgment is reversed for proceedings consistent with this opinion.