(February 24, 1911.)

## FELIX G. CARPENTER, Appellant, v. GRIMES PASS PLACER MINING COMPANY et al., Respondents.

[114 Pac. 42.]

PLEADING—LIBEL—MALICE.

(Syllabus by the court.)

1.  Whatever a party to an action may allege in his pleading as a cause of action or ground of defense that is pertinent or material to the charge made, or against which he is defending, can never give rise to a right of action for libel.

2.  The ends of justice and the public good can be best served by allowing litigants to freely plead any material matter in a judicial proceeding to which they are parties, holding them accountable only for defamatory matter which is neither pertinent nor material to the issue under inquiry.

3.  The privilege of freely pleading matters constituting causes of action or grounds of defense must be exercised in good faith, and the courts will determine, as a matter of law, whether the matter pleaded was in fact pertinent or material to the issue joined.

4.  Whatever a litigant may properly plead as a cause of action or ground of defense as relevant or material to the issue, he may plead with or without malice, and in such case the intent with which he pleaded the same cannot be inquired into or become an issue in an action for libel.

APPEAL from the District Court of the Third Judicial District, in and for the County of Ada. Hon. Fremont Wood, Judge.

Action by plaintiff for libel. Judgment for defendant, and the plaintiff appealed. *Affirmed.*

Jackson & Taylor, for Appellant.

Sec. 47 of the California code, prior to amendment of 1874, privileged publication made in judicial proceedings, yet in the case of *Wilson v. Fitch,* 41 Cal. 383, decided prior to such amendment, the court says: "In order to hold a person responsible for making any one of the above privileged communications, it is necessary to prove express malice, while the law will exempt a person from liability for words spoken or written under circumstances which call for such expressions. Yet, to take advantage of like circumstances to vent private ill-will and design to injure justly makes the person so acting chargeable for what he does. (In the case at bar express malice is admitted.) (*Wyatt v. Buell,* 47 Cal. 624.)

"Contrary to the doctrine of the English courts, the American courts generally have established the rule that matter inserted in a pleading in a civil action is not absolutely, but only conditionally or qualifiedly, privileged. That is, the alleged libelous matter is privileged when, and only when, it is relevant to or connected with the subject matter of the litigation." (*Life Ins. Co. v. Thomas,* 83 Fed. 803, 28 C. C. A. 96; *King v. McKissick,* 126 Fed. 215; *Harlow v. Carroll,* 6 App. Cas. D. C. 128; *Myers v. Hodges,* 53 Fla. 197, 44 So. 357; *Conley v. Key,* 98 Ga. 115, 25 S. E. 914; *Ash v. Zwietusch,* 159 Ill. 455, 42 N. E. 854; *Hawk v. Evans,* 76 Iowa, 593, 14 Am. St. 247, 41 N. W. 368; *Monroe v. Davis,* 118 Ky. 806, 82 S. W. 450; *Dunn v. Southern Ins. Co.,* 116 La. 431, 40 So. 786; *Sherwood v. Powell,* 61 Minn. 479, 52 Am. St. 614, 63 N. W. 1103, 29 L. R. A. 153; *Jones v. Brownlee,* 161 Mo. 258, 61 S. W. 795, 53 L. R. A. 445; *Garr v. Selden,* 4 N. Y. 91, reversing 6 Barb. (N. Y.) 416; *Lanning v. Christy,* 30 Ohio St. 115, 27 Am. Rep. 431; *Metzler v. Romine,* 9 Pa. Co. Ct. 171; *Crockett v. McLanahan,* 109 Tenn. 517, 72 S. W. 950, 61 L. R. A. 914; *Abbott v. Bank,* 20 Wash. 552, 56 Pac. 376.)

"This qualification of the English rule is adopted in order that the protection given to individuals in the interest of an efficient administration of justice may not be used as a cloak from beneath which private malice may be satisfied." (*McLaughlin v. Cowley,* 127 Mass. 319.)

If respondents want the benefit of a right of privilege, they must claim it as a matter of defense, or, at least, set out such claim by special demurrer. (*Byam v. Collins,* 111 N. Y. 143, 7 Am. St. 726, 19 N. E. 75, 2 L. R. A. 129.)

K. I. Perky and D. E. Brinck, for Respondents.

Absolute privilege is a bar to any action whatever, regardless of malice or falsity in the publication; and if in the present complaint an absolutely privileged occasion is shown, the allegations of falsity and malice are immaterial. (25 Cyc. 375, 379, 380; Newell, Defamation, Slander and Libel, p. 419, sec. 16; *Atlanta News Pub. Co. v. Medlock,* 123 Ga. 714, 51 S. E. 756, 3 L. R. A., N. S., 1139; *Hyde v. McCabe,* 100 Mo. 412, 13 S. W. 875.)

The law in England and in some of the American states is that any publication in the course of judicial proceedings, including, at least, testimony of witnesses, arguments of counsel, and pleadings, is absolutely privileged; and that nothing spoken or written therein, however false or malicious, will support an action for libel. (25 Cyc. 379, n. 64; Starkie, Slander & Libel, secs. 213, 196; Townshend, Slander & Libel, 4th ed., sec. 221; Newell, Defamation, p. 424, sec. 27, p. 460, sec. 50; *Runge v. Franklin,* 72 Tex. 585, 13 Am. St. 833, 10 S. W. 721, 3 L. R. A. 417; *Bartlett v. Christhilf,* 69 Md. 219, 14 Atl. 518; *Wilkins v. Hyde,* 142 Ind. 260, 41 N. E. 536.)

The majority of the American states have, however, by decision of their highest courts, limited the English rule, in the single respect that the publication must either be pertinent and material to the issues in the action where published, or must have been reasonably supposed by its author to be so pertinent and material. (*Lawson v. Hicks,* 38 Ala. 279, 81 Am. Dec. 49; *Wilson v. Sullivan,* 81 Ga. 238, 7 S. E. 274;

*Strauss v. Meyer*, 48 Ill. 285; *Smith v. Howard*, 28 Iowa, 51;
*Monroe v. Davis*, 118 Ky. 806, 82 S. W. 450; *McLaughlin v.*
*Cowley*, 127 Mass. 316; *Hartung v. Shaw*, 130 Mich. 177, 89
N. W. 701; *Sherwood v. Powell*, 61 Minn. 479, 52 Am. St. 614,
63 N. W. 1103, 29 L. R. A. 153; *Jones v. Brownlee*, 161 Mo.
258, 61 S. W. 795, 53 L. R. A. 445; *Nissen v. Cramer*, 104 N.
C. 574, 10 S. E. 676, 6 L. R. A. 780; *Crockett v. McLanahan*,
109 Tenn. 517, 72 S. W. 950, 61 L. R. A. 914; *Mower v. Wat-*
*son*, 11 Vt. 536, 34 Am. Dec. 704; *Abbott v. National Bank*,
20 Wash. 552, 56 Pac. 376; *Johnson v. Brown*, 13 W. Va. 71.)

Where a complaint in libel discloses on its face that the
alleged libel was published in the course of judicial pro-
ceedings, it must be shown further that the matter published
was neither pertinent nor reasonably supposed to be pertinent
to the issues in the proceeding. The occasion being shown by-
the complaint, a presumption of absolute privilege is raised,
and the plaintiff must allege and prove the facts removing the
privilege. (*Cooper v. Phipps*, 24 Or. 357, 33 Pac. 985, 22 L.
R. A. 836; *Mower v. Watson*, 11 Vt. 536, 34 Am. Dec. 704;
*Johnson v. Brown*, 13 W. Va. 71, 109; *Monroe v. Davis*, 118
Ky. 806, 82 S. W. 450; *Hartung v. Shaw*, 130 Mich. 177, 89
N. W. 701; *Ash v. Zwietusch*, 159 Ill. 455, 42 N. E. 854.)

AILSHIE, J.—This is an action brought on an alleged libel
consisting of a matter stated by the defendant in his pleading
in another action. The plaintiff here sued the defendant
in a former action to recover for service rendered, goods
furnished and cash advanced for the use and benefit of the
defendant in that action. The defendant in that action,
which is also the defendant in this action, answered the plain-
tiff's complaint, and at the same time, by way of further an-
swer and counterclaim, alleged, *inter alia*, as follows:

"And the said defendant further answering the complaint
of the plaintiff and by way of counterclaim to the third cause
of action thereof, says:

"1. That on or about the 15th day of April, 1909, while-
·plaintiff was in the employment of the defendant, and serving
it as an employee, which is the same employment set out in.

plaintiff's third cause of action, as the foundation thereof, the defendant was lawfully possessed of the following described property at its camp and millsite on Grimes creek, in the county of Boise and State of Idaho: 400 feet of 8-inch hydraulic pipe and 600 feet of 6-inch hydraulic pipe; and 5,000 feet of lumber, as of its own property, of the value of $620.

"2. That on or about said day, at the place aforesaid, and while plaintiff was so employed by defendant, the plaintiff unlawfully converted and disposed of said hydraulic pipe and lumber to his own use to the damage of the defendant in the sum of $620.

"The defendant further answering the complaint, and by way of counterclaim to the third cause of action thereof, says:

"1. That during the months of April, May, June, July and August of the years 1906, 1907, 1908 and 1909, while the plaintiff was in the employment of the defendant and serving it as an employee, which is the same employment set out in plaintiff's third cause of action as the foundation thereof, the defendant was lawfully possessed of certain gold nuggets and specimens as of its own property of the value of $430.

"2. That the defendant is informed and believes, and upon such information and belief alleges, that the plaintiff, at the camp and millsite of the defendant, on Grimes Creek, county of Boise, State of Idaho, and while plaintiff was so employed by defendant, at the times specified in the preceding paragraph, converted and disposed of said specimens and nuggets to his own use, to the damage of the plaintiff in the sum of $430."

The plaintiff thereafter commenced this action against the defendant to recover damages on account of the alleged false and defamatory character of the pleading filed by the defendant in the previous action, and complains particularly of that part of the pleading which alleged that "the plaintiff unlawfully converted and disposed of said hydraulic pipe and lumber to his own use," and the further portion of the answer which alleged that "while plaintiff was employed by defendant, at the times specified in the preceding paragraph,

converted and disposed of said specimens to his own use.''
The charging part of the complaint is as follows:

"That the following words contained in the said answer
and publication, published as aforesaid, to wit: 'On or about
the said day at the place aforesaid, and while plaintiff was
so employed by defendant, the plaintiff unlawfully converted
and disposed of said hydraulic pipe and lumber to his own
use,' 'and while plaintiff was so employed by defendant, at
the times specified in the preceding paragraph, converted and
disposed of said specimens and nuggets to his own use,' were
at all times and are now false and defamatory, and the com-
position and publication thereof as aforesaid were and are
wrongful and malicious, and tended and do now tend to im-
peach the honesty, integrity, and business reputation of the
plaintiff herein, and financially injure the business of this
plaintiff.''

To this complaint the defendant filed a general demurrer,
alleging that the complaint did not state facts sufficient to
constitute a cause of action.   The court sustained the demurrer,
and the plaintiff refused to further amend, and the court
thereupon dismissed the action.   The appeal is from the
judgment.

The only question presented to us is to determine whether
or not the matter pleaded stated a good cause of action.

The statute of this state, sec. 6737, Rev. Codes, defines libel
as, "a malicious defamation, expressed either by writing,
printing, or by signs or pictures, or the like, tending to
blacken the memory of one who is dead, or to impeach the
honesty, integrity, virtue, or reputation, or publish the
natural or alleged defects, of one who is alive, and thereby
expose him to public hatred, contempt, or ridicule.''   The
only reference made to judicial proceedings in the statute on
libel is found in sec. 6743, with reference to reporters, editors,
and proprietors of newspapers publishing privileged proceed-
ings.   The section reads as follows:

"No reporter, editor, or proprietor of any newspaper is
liable to any prosecution for a fair and true report of any
judicial, legislative or other public official proceedings, or of

any statement, speech, argument, or debate in the course of the same, except upon proof of malice in making such report, which shall not be implied from the mere fact of publication.''

This section, it will be noticed, seems to indicate that there might be matter contained in a ''report of any judicial . . . . proceedings'' which, if published out of court, or by persons other than the parties to the action, might be libelous, which would not be libelous when used by the litigant in course of judicial proceedings.

It is contended, on the one hand, that matter set up in pleadings in judicial proceedings is absolutely privileged, and does not furnish a basis for prosecution for libel, while on the other hand, it is claimed that one may be liable for maliciously setting forth certain facts although they are pleaded in a judicial proceeding. This is a new question in this state.

Townshend on Slander and Libel, 4th ed., sec. 221, states the rule of law as it prevails generally in this country with reference to matter pleaded in a civil action. He says:

''The right of appealing to the civil tribunals is more extensive than the right of appealing to the criminal tribunals. In a civil action, whatever the complainant may allege in his pleading as or in connection with his grounds of complaint can never give a right of action for libel. The immunity thus enjoyed by a party complaining extends also to a party defending; whatever one may allege in pleading by way of defense to the charge brought against him or by way of counter-charge, counterclaim, or setoff, can never give a right of action for libel. The rule as thus laid down has been doubted by some, and it has been said that if the tribunal to which the complaint be made has no jurisdiction of the subject matter, or if the defamatory matter be irrelevant to the matter in hand, or if the party complaining or defending maliciously inserts defamatory matter in his pleading, that in such cases the party aggrieved may maintain his action for slander or libel. Notwithstanding the dicta to the contrary, we believe the better and the prevailing opinion to be, that

for any defamatory matter contained in a *pleading* in a court of civil jurisdiction, no *action for libel* can be maintained; the power possessed by the courts to strike out *scandalous* matter from the proceedings before them, and to punish as for a contempt, is considered a sufficient guaranty against the abuse of this privilege; but whatever may be the reason, it seems certain that where there is a perversion of the right, 'the policy of the law steps in and controls the individual right of redress.' '' (See, also, Newell on Defamation, Slander and Libel, sec. 31.)

To the foregoing text is appended a note referring to many cases supporting the main rule as well as some which adhere to the exceptions.

*McLaughlin v. Cowley,* 127 Mass. 316, has been frequently cited by the courts, and has perhaps been followed by more courts than has any other adjudicated case in this country. The court there stated the rule which appeals to us as most reasonable and fair. While that rule does not tend to deter or embarrass litigants from freely pleading any pertinent facts by way of a cause of action or defense, still it holds them liable for an unbridled assault on the adversary party under the cloak of judicial proceedings. The court there said:

"It was stated in the opinion of this court in the recent case of *Rice v. Coolidge,* 121 Mass. 393, 23 Am. Rep. 279, that it seems to be settled by the English authorities that judges, counsel, parties and witnesses are absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings; and that the same doctrine is generally held in the American courts, with the qualification, as to parties, counsel and witnesses, that their statements made in the course of an action must be pertinent and material to the case. The doctrine thus qualified was set forth by Shaw, C. J., in an elaborate opinion, in *Hoar v. Wood,* 3 Met. (Mass.) 193. The qualification of the English rule is adopted in order that the protection given to individuals in the interest of an efficient administration of justice may not be abused as a cloak from beneath which to gratify private malice."

In *Sherwood v. Powell,* 61 Minn. 479, 52 Am. St. 614, 63 N. W. 1103, 29 L. R. A. 153, the court approved and followed the rule announced in *McLaughlin v. Cowley,* and after stating the English rule, said:

"A rule which tolerates and encourages gratuitous, immaterial, and malicious attacks upon a litigant, and excuses and justifies them, simply affords an opportunity for evil-disposed persons to vilify and calumniate, under the guise of an honest effort to secure the proper administration of justice. The doctrine which prevails abroad has not commended itself to the judiciary of this country, and it has been qualified by the American courts so that statements, verbal or written, made in the course of judicial proceedings, must at least be pertinent and material to the case to be privileged."

The same rule has been adopted in Kentucky. In *Forbes v. Johnson,* 11 B. Mon. (Ky.) 51, the court said: "The principle is well settled, and is, indeed, essential to the ends of justice, which demand that there should be a free resort to judicial tribunals and to the remedies furnished by the law, that words spoken or written in the course of justice, and pertinent to a legal proceeding within the jurisdiction of the tribunal to which they are addressed, and to the remedy sought in that tribunal, are not actionable, though they be false; unless the proceedings were resorted to merely for the purpose of conveying the scandal, and as a cover for the malice of the party, and not in good faith as a remedy for the assertion of a right or the redress of a wrong." (See, also, *Monroe v. Davis,* 118 Ky. 806, 82 S. W. 450.)

The question of the privilege of defamatory matter inserted in a pleading in judicial proceedings has frequently been before the court of last resort of Tennessee, as may be seen from an examination of *Crockett v. McLanahan,* 109 Tenn. 517, 72 S. W. 950, 61 L. R. A. 914. In that state, the court seems to have uniformly adhered to the rule that the matter is privileged if "pertinent or material to the subject of inquiry." In the last-cited case the court quoted with unqual-

ified approval from an earlier decision by the same court as follows:

"In such cases it will be incumbent on the plaintiff to show, in addition to the injurious publication, malice in fact, and that the occasion was seized upon as a mere pretext. Illustrations of this class of communications are statements in respect of the character of servants, official communications, reports of judicial proceedings. But, continues the court, there is another class of cases which are absolutely privileged and depend in no respect for their protection upon their *bona fides.* The occasion is an absolute privilege; and the only questions are whether the occasion existed, and whether the matter complained of was pertinent to the occasion. In this class are embraced judicial proceedings. The proceedings connected with the judicature of the country are so important to the public good that the law holds that nothing which may therein be said with probable cause, whether with or without malice, can be slander, and, in like manner, that nothing written with probable cause under the sanction of such an occasion can be a libel. The pertinency of the matter to the occasion is that which is meant by probable cause, and probable cause is in this class of absolutely privileged communications what *bona fides* is to the class of conditionally privileged communications, which are protected unless there is malice in fact."

The doctrine of *McLaughlin v. Cowley* was adopted by the circuit court of appeals for the ninth circuit in *Union Mutual Life Ins. Co. v. Thomas,* 83 Fed. 803, 28 C. C. A. 96, and the court there speaking of the pertinency or materiality of the matter necessary to establish its privileged character, said: "It is perhaps not necessary that it be in all cases material to the issues presented by the pleadings, but it must be legitimately related thereto, or so pertinent to the subject of the controversy that it may, in the course of the trial, become the subject of inquiry."

Authorities to the same effect might be multiplied, but it is needless to pursue them further. We are satisfied that the ends of justice and the public good can be best served by

allowing litigants to freely plead any pertinent or material matter in a judicial proceeding to which they are parties, holding them accountable only for defamatory matter which is neither pertinent nor material to the subject under inquiry. They cannot be allowed to avail themselves of the protection of the courts to assail and besmirch the reputation of their adversaries, or to there find protection and thence sally forth in the guise of a pleading to assassinate character and belie virtue. The privilege must be exercised in good faith. The courts will determine, as a matter of law, whether the matter pleaded was in fact pertinent or material.

Turning, now, to the complaint and examining the language that was set up by the defendant in the original action which is alleged to have been defamatory, we find that the plaintiff in the original action sued for the recovery of a money judgment for labor performed and material furnished and moneys advanced. The two separate defenses and counterclaims complained of were both pertinent and material, in that the defendant sought to offset and counterclaim any judgment that the plaintiff might recover, and to obtain a judgment against the plaintiff for the value of the goods and property that plaintiff had converted and appropriated. It was a proper subject of counterclaim and setoff. The offensive portion of the first allegation was as follows: "That while plaintiff was in the employ of the defendant and serving it as employee . . . . the plaintiff unlawfully converted and disposed of said hydraulic pipe," etc.; while the portion of the second allegation to which plaintiff takes exception is as follows: "While plaintiff was so employed by defendant at the times specified in the preceding paragraph, converted and disposed of said specimens and nuggets to his own use," etc. This is the language ordinarily employed in actions for conversion, and, indeed, is that prescribed by the form books. (See secs. 4131 and 4132, vol. 3, Sutherland, Code Pl., Pr. & Forms.)

Appellant lays particular stress on the fact that the respondent used in his pleading the word "unlawfully," and also charged that the conversion was had while the plaintiff was in the employ of the defendant, thereby, as appellant con-

tends, impliedly charging him with embezzlement. It may be conceded that respondent could have safely omitted the word "unlawfully," and likewise the allegation that the conversion was had while the appellant was in respondent's employ, but the conversion would still have been *unlawful,* even though the word *unlawful* was not alleged, provided respondent had set up facts constituting a good cause of action for conversion. Every conversion must necessarily be *unlawful,* and the pleading of the facts which show that it is unlawful is as strong an implication against the adverse party as to draw the conclusion in the pleading that it was unlawful. The fact that the mere allegation that the conversion was had while appellant was in respondent's employ did not impair the pleading or in any way lessen the pertinency and materiality of the allegations. Indeed, it was not at all improper for the pleader to set forth the time and conditions under which the conversion was had; it is generally considered good pleading to do so. Appellant lays stress on the fact that he alleges that the matter pleaded by respondent was written and published maliciously, and that for so doing respondent was liable. We answer by saying that whatever a litigant may properly plead as a cause of action or ground of defense, and is relevant or material to the issue, may be pleaded either with or without malice. (*Shadden v. McElwee,* 86 Tenn. 152, 6 Am. St. 821, 5 S. W. 604; *Crockett v. McLanahan,* 109 Tenn. 517, 72 S. W. 950, 61 L. R. A. 915.) In other words, the question of intent cannot be inquired into or become an issue where the party had a lawful right to plead the matter either as a part of his cause of action or defense.

We cannot arrive at any other conclusion than that the matters complained of were privileged. The allegations were proper and pertinent, and constituted matters of defense and counterclaim to the appellant's causes of action. The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Stewart, C. J., and Budge, District Judge, concur.