## Jaybee Jellico Coal Company, et al. v. Carter.

(Decided March 27, 1925.)

### Appeal from Bell Circuit Court.

Libel and Slander—Protest to County Court Against Approval of Mine Weighman Elect Held Absolutely Privileged.—Where check weighman elected by miners submitted his election to county judge for approval, pursuant to Ky. Stats., section 2738q-1, written protest filed by mine owner, charging that weighman elect "is not and has not the reputation of being an honest and trustworthy, discreet and upright man," and that he is labor agitator and unfairly partial against mine owner, held absolutely privileged as relevant to issues in judicial proceeding, even though false and malicious.

JAMES H. JEFFRIES for appellants.

E. F. BAKER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellee, who had been employed by the appellant coal company for a number of years as a coal miner, was on the 30th of December, 1919, elected a check weighman by that appellant's miners. Pursuant to section 2738q-1 of the Kentucky Statutes, appellee referred his election to the county judge of Bell county for approval.   The appellant coal company, through its coappellant and general manager, filed with the county judge the following

written protest against the approval of the appellee's election:

"Hon. E. N. Ingram,

Judge of the county court for Bell county, Ky.

"The undersigned, Jaybee Jellico Coal Company, through its general manager and person in charge of its business, J. T. Bradley, says that said Jaybee Jellico Coal Company is the owner of and in the possession of a coal mine and coal mining plant, including railroad sidetracks, tipples, inclines, miners' houses, etc., and all situated at and near the Tinsley post office, in Bell county, Ky., and is now engaged in operating the said mine and mining, shipping and selling coal therefrom in the market generally.

"The undersigned says that recently, to-wit, on December 30, 1919, the coal miners, or at least a portion of the coal miners employed at said coal mine and living at said mining camp held a meeting and employed and designated Ed Carter, of Bell county, Ky., as check weighman, his duty under said employment being to inspect the scales at said mine on which the coal mined thereat is weighed and to see that all coal digged and mined by the miners working at said mine is properly weighed and accounted for and to do and perform such other duties as will insure that said coal is properly weighed and correctly accounted for.

"Now, the undersigned says that it is perfectly willing, at all times has been willing, for the miners working at its said mines to employ a check weighman to perform the duties of such, as required by the statute law of Kentucky, but the undersigned says that the person so designated in this instance, the said Ed Carter, is not and has not the reputation of being an honest and trustworthy, discreet and upright man, as required by the statute in this case made and provided.

"On the contrary, the undersigned says that the said Ed Carter is and for some months past has been a labor agitator, using his voice and influence among the miners at the said mine and other mines in that neighborhood to induce them to strike and refuse to work and thus refuse to produce coal, and that he

has an unfair and unseemly prejudice against the undersigned and an unfair partiality for the coal miners working for the undersigned and for these reasons he is not and would not be a proper person to fill the said office, because if he were filling the said office he would by his conduct and demeanor aforesaid cause continual friction and trouble between the undersigned and its said employes at its mine.

"Wherefore, the undersigned respectfully requests the said judge to refuse to approve the appointment of said Ed Carter as such check weighman at said mine, but to require the miners working at said mine to elect and submit for approval a man free from the objections herein set forth against the said Ed Carter.

"Dated at Pineville, Ky., this 31st day of December, 1919.

"JAYBEE JELLICO COAL COMPANY,<br>"By J. T. BRADLEY, Gen. Mgr."

The county judge being of kin to the appellee, he declined to sit in the controversy. Mr. N. J. Weller, an attorney of Bell county, was then agreed upon by appellee and appellants as special judge to hear and determine this matter, but for some reason not apparent in the record appellee never pressed for decision the question of the approval of his election. Later he brought this suit against the appellants for libel based on the pleading or protest filed before the county judge as above set out. On the trial of the case he recovered $2,000.00 general damage and $375.00 special damage.

Numerous grounds are relied upon for reversal, but we believe the position of appellant, that the writing complained of as being libelous was absolutely privileged, is well taken. Section 2738q-1 of the statutes under which the proceedings in the county court were had, after providing that the miners working at a mine where more than twenty such men are employed.may elect and employ at their own expense a check weighman, provided that the person so employed or elected "has the reputation of being an honest, trustworthy, discreet and upright man," states: "The appointment under the provision of this act of each inspector and assistant weigher shall be approved by the judge of the county court of the county wherein the same is made." It is obvious that

this statute contemplates a proceeding before the county judge in order that the person selected by the miners may be approved by him. The county judge has no right to give his approval to such election unless the person selected has the reputation of being an honest, trustworthy, discreet and upright man. In order to determine this question the county judge undoubtedly has the right to hear evidence, if necessary, and those who are interested in the approval or disapproval of the election have a right to be heard. .

On the one hand, the miners whom this check weighman is to represent have a right to show that the man selected has not the required statutory qualifications. The coal operator, through his influence with the miners or through corrupt methods, might control the selection of a check weighman, and those who did not approve of such selection would be powerless to prevent his acting in a capacity which vitally affects their earnings if they have no right to present their objections to the county judge when he is called upon to approve the election. On the other hand, it is of equal importance to the mine owner that the person selected shall be a discreet, honest, trustworthy and upright man. The duties of a check weighman are of such character as to throw him into intimate relationship with the mine owner, and it requires but little reflection to discern that a dishonest, untrustworthy and an indiscreet man might cause a world of trouble unnecessarily between the miner and the mine owner.

The statute then plainly contemplating a judicial proceeding in which those interested have a right to press their claims and present their evidence for or against the approval of the selection of the check weighman, the protest filed in this case is in the nature of a pleading filed in a judicial proceeding, and being relevant and pertinent to the questions before the court is absolutely privileged, though it is claimed that the statements contained therein are false and alleged with malice. In Gaines v. Aetna Insurance Co., 104 Ky. 695, 47 S. W. 884, the insurance company in a suit brought by Gaines on a fire policy had alleged in its answer, among other things, that Gaines had burned his barn to secure the fire insurance. Gaines brought suit alleging that this matter appearing in the answer was false and maliciously uttered and sought damages for the alleged libel. The court, however, held that the answer being filed in a judicial proceeding and being pertinent and relevant to the issues

involved, gave no right of action for libel though false and alleged with malice. In Forbes v. Johnson, 11 B. Mon. 48, the court said:

"The principle is well settled and is indeed essential to the ends of justice, which demand that there should be a free resort to judicial tribunals and to the remedies furnished by the law, that words spoken or written in the course of justice and pertinent to a legal proceeding within the jurisdiction of the tribunal to which they are addressed and to the remedy sought in that tribunal, are not actionable though they be false, unless the proceeding were resorted to merely for the purpose of conveying the scandal and as a cover for the malice of the party, and not in good faith as a remedy for the assertion of a right or the redress of a wrong."

In Hardin v. Cumstock, 2 A. K. Marsh. 480, the court said that it was aware of no case where slanderous matter charged in the regular course of justice had ever been held to be libelous.

In Monroe v. Davis, 118 Ky. 806, 82 S. W. 450, the court held that where an unpaid creditor of a decedent's estate brought suit against the administratrix and her bondsman to recover the amount of the debt on the grounds of assets unadministered, an allegation that the bondsman had converted certain goods belonging to the deceased without paying therefor, which claim was alleged to constitute a part of the alleged unadministered assets, was germane to the issues and therefore privileged. See also Sebree v. Thompson, 126 Ky. 223, 103 S. W. 374; Marksberry v. Weir, 173 Ky. 316, 190 S. W. 1108.

Therefore, on principle and authority, the writing claimed in this case to be libelous, having been filed in a judicial proceeding, and being relevant and pertinent to the issue involved, is absolutely privileged and does not give rise to a cause of action though alleged to have been made falsely and with malice. It follows, therefore, that the court should have sustained the appellants' motion for a peremptory instruction.

Judgment reversed, with instructions to grant the appellants a new trial in accordance with this opinion.