## Lisanby v. Illinois Central Railroad Company, et al.

(Decided May 29, 1925.)

### Appeal from Caldwell Circuit Court.

1. Libel and Slander—Statements in Pleadings if Material are Absolutely Privileged.—Statements in pleadings filed in judicial proceedings, if material, relevant, or pertinent to issues involved,

are absolutely privileged, though it is claimed that they were falsely and maliciously made.

2. Removal of Causes—Court will Not Sanction Devices Intended to Prevent Removal of Action to Federal Court, when Clear Right to Removal Exists.—Though plaintiff in an action may proceed in state courts on a cause of action, which in good faith he alleges to be joint, it is equally true that federal and state courts will not sanction devices which are intended to prevent removal to federal court, when one clearly has that right.

3. Attorney and Client—Client Bound by Acts of Attorney in Trial of Lawsuit.—In the preparation and trial of a lawsuit, the attorney acts as agent of his client, and the client is bound by the acts of the attorney in course of such litigation.

4. Attorney and Client—Knowledge of Attorney is Knowledge of Client.—Knowledge of an attorney, acquired in the course of his employment, is knowledge of his client.

5. Libel and Slander—Allegations in Petition for Removal of Cause to Federal Court Held Absolutely Privileged Though Falsely and Maliciously Made.—Knowledge of facts by plaintiff's counsel which rendered a joinder fraudulent, being a proper subject of inquiry on petition for removal of cause to federal court, allegations in petition that plaintiff's counsel knows facts which make joinder fraudulent, are material, pertinent, and relevant, and hence absolutely privileged, though such allegations were made falsely and maliciously, and the fact that petition was defectively stated does not defeat such privilege.

ALVIN LISANBY and REED & BURNS for appellant.

SELDEN Y. TRIMBLE, D. H. HUGHES, J. ELLIOTT BAKER and TRABUE, DOOLAN, HELM & HELM for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant, a practicing attorney in the courts of this state, brought this action against the appellees, the Illinois Central Railroad Company and John C. Gates, also a practicing attorney, on account of certain alleged libelous statements appearing in a petition for the removal from the state to the federal court of an action brought by appellant as attorney for one Walter Tosh against the Illinois Central Railroad Company and T. E. Harper. This petition for removal which was prepared by the appellee, Gates, as attorney for his coappellee, the Illinois Central Railroad Company, was based on the idea that Harper had been joined as codefendant with the Illinois Central Railroad Company in the Tosh suit with the fraudulent purpose of thus pre-

venting its removal to the federal court, and to establish this proposition the petition averred that there was no joint cause of action alleged in the Tosh suit against the railroad company and its codefendant, Harper, and that in fact there was no cause of action against Harper because Harper had neglected no duty owing to Tosh. The petition for removal then proceeded to set out:

> "That knowing these facts, the plaintiff and his counsel purposely omitted to state in plaintiff's petition, any facts showing any liability or breach of duty upon the part of said T. E. Harper, or any right in the plaintiff to recover a judgment against the said T. E. Harper."

The remainder of the paragraph containing the above words in the removal petition refers exclusively to the plaintiff, Tosh, and not to appellant. The next reference to appellant is found in the following paragraph:

> "That said T. E. Harper was joined as a codefendant, with your petitioner, and the allegations with respect to said Harper, made in plaintiff's said petition, for the fraudulent purposes above stated, and for no other purpose, and made with full knowledge of the fact on the part of plaintiff and his counsel, that no joint cause of action against your petitioner and the said T. E. Harper existed, and that no cause of action whatever existed against said T. E. Harper."

A demurrer was sustained to appellant's petition in this action on the ground that these statements appearing in the petition for removal, though untrue and made with malice, were yet absolutely privileged. Appellant filed an amended petition which added nothing materially to his cause of action, and after a demurrer had been sustained to the petition as so amended, he declined to plead further and his suit was dismissed.

The parties to this action do not materially differ as to the major premise of the syllogism by which this case is to be solved. Although the English rule is somewhat broader, the American rule, which is the rule in this state, is firmly established that statements in pleadings filed in judicial proceedings if material, relevant or pertinent to the issues involved are absolutely privileged,

though it is claimed that they are false and alleged with malice. Gaines v. Aetna Insurance Co., 104 Ky. 695, 47 S. W. 884; Sebree v. Thompson, 126 Ky. 223, 103 S. W. 374; Monroe v. Davis, 118 Ky. 806, 82 S. W. 450; Jaybee Jellico Coal Co. v. Carter, 208 Ky. 241, 270 S. W. 768. It is with reference to the minor premise that the parties radically differ and the real question for decision is whether or not the averments concerning appellant in the petition for removal, conceding them to be libelous, false and maliciously made, are nevertheless privileged because material, relevant or pertinent to the issues involved.

It is fundamental law that while a plaintiff in an action may proceed in the state courts upon a cause of action which in good faith he alleges to be joint, it is equally true that the federal and state courts will not sanction devices which are intended to prevent a removal to a federal court when one clearly has that right. In the case of Wecker v. National Enameling & Stamping Co., 204 U. S. 176, a leading case on the subject of removal despite fraudulent joinder, it appeared that one Wettengel had been joined as a defendant in an action brought in the state court by Wecker against the National Enameling Company, undoubtedly to prevent a removel to the federal court as the facts showed that Wettengel had absolutely nothing to do with Wecker's rights arising out of the injury complained of. In sustaining the action of the lower court, which held the joinder fraudulent and removed the action, the supreme court said:

"It is objected that there was no proof that Wecker knew of Wettengel's true relation to the defendant, and consequently he could not be guilty of fraud in joining him, but even in cases where the direct issue of fraud is involved, knowledge may be imputed where one wilfully closes his eyes to information within his reach."

It must be admitted that in the preparation and trial of a law suit the attorney acts as the agent of his client and that the client is bound by the acts of his attorney in the course of that litigation.

It is also the general rule that knowledge of an attorney, at least where acquired in the course of his employment, is knowledge of his client. Barnes v. Commonwealth, 179 Ky. 725, 201 S. W. 318; Semonin v.

Duerson, 13 Ky. L. Rep. 169; Summers v. Taylor, 4 Ky. L. Rep. 290. In 6 C. J. 639, after stating the general rule, *supra,* the text says:

> "The facts constituting knowledge, or want of it, on the part of an attorney, are proper subjects of proof, and are to be ascertained by testimony as in other cases; but, when ascertained, the constructive notice thereof to the client is conclusive, and cannot be rebutted by showing that the attorney did not in fact impart the information so acquired."

As the supreme court in the Wecker case, *supra,* held that knowledge may be imputed where one wilfully closes his eyes to information within his reach, it follows that knowledge of the facts which render a joinder fraudulent is a very proper subject of inquiry on a petition for removal, and if knowledge of the facts be such proper subject of inquiry, then the knowledge of the plaintiff's attorney with which the plaintiff as we have seen above is charged, must likewise be a proper subject of inquiry. The being true, how can it be contended that allegations in a petition for removal on the ground of fraudulent joinder that plaintiff's counsel knows facts which make the joinder fraudulent, which knowledge, if true, must be charged to such plaintiff are not material, pertinent and relevant to the issues involved in such proceeding? Bouvier defines "relevant" as "property applicable in determining the truth or falsity of the matters in issue." Webster's New International Dictionary states that "relevant," "pertinent," and "material" are synonyms. The matter in issue is whether or not there has been a fraudulent joinder. Knowledge of facts which make the joinder fraudulent is surely material to such issue and the knowledge of the party's attorney acquired in the course of his employment, being the party's knowledge, must, under such definition, be relevant and pertinent. The authorities cited by appellant do not militate against this conclusion for on examination, they will all be found to turn on the proposition that the knowledge of the attorney in the particular case was not material to the issue involved. Here, the knowledge is material because the knowledge of his client is material and his knowledge is the knowledge of his client. The conclusion of our syllogism then inevitably follows that although it is averred that the alleged libelous statements in the petition for

removal were made falsely and with malice, yet as they were material and relevant and pertinent to the issue involved in that judicial proceeding, they were absolutely privileged.

It is also urged that as the petition for removal was ultimately held to be bad in that it stated conclusions rather than facts from which the court could draw conclusions, the court never had any jurisdiction in the premises and hence the privilege does not exist. But the court did have jurisdiction of the parties and the subject matter. The fact that the petition for removal was defectively stated does not destroy the fact of such jurisdiction, and hence the privilege claimed is not thus defeated.

The trial court correctly sustained the demurrer to appellant's petition as amended and its judgment is affirmed.