William F. McMURRY and Mary W. Higgason, Executrix of the Estate of Wisner V. Higgason, and Mary W. Higgason, Individually, Appellants,

v.

Hon. Joseph ECKERT, Judge, Division One, Jefferson Circuit Court,

and

A. David Slater, M.D., Real Party in Interest, Appellees.

No. 92–SC–11–MR.

Supreme Court of Kentucky.

June 4, 1992.

Rehearing Denied Aug. 26, 1992.

William F. McMurry, Oldfather & Morris, Louisville, for appellants.

Joseph Eckert, Judge, Jefferson Circuit Court, pro se.

Galen J. White, Jr., William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellees.

LAMBERT, Justice.

This is a matter of right appeal from an original action in the Court of Appeals. In that action, appellants were denied intermediate relief from an order of the Jefferson Circuit Court which required appellant, McMurry, to appear for deposition and to produce notes taken by him during an interview with one of the appellees, Dr. Slater. Appellant, McMurry, is an attorney. He and Dr. Slater met and discussed a surgical procedure the doctor had performed. Litigation was later brought by appellant as counsel for plaintiff against Dr. Slater and others.

The Jefferson Circuit Court's order of October 3, 1991, required appellant to appear for a deposition to discover statements made to him by Dr. Slater. The order also required the production of appellant's notes of statements made by Dr. Slater during their interview. Pursuant to CR 76.36, appellant filed an original action in the Court of Appeals seeking a writ of prohibition. That court denied relief. In its order, the Court of Appeals addressed only the trial court's order as it required appellant to appear for deposition. It failed to address the required production of

appellant's notes of the interview. Appellant now seeks review pursuant to CR 76.-36(7).

## I. NOTES OF STATEMENTS MADE BY DR. SLATER

While the notes in question are not before this Court, neither party having sought an *in camera* review by the trial court, we do not believe the handwritten notes of the conversation between Mr. McMurry and Dr. Slater constitute a statement of the type described in CR 26.-02(3)(b). As such, they are not discoverable as a matter of right. The lawyer's notes are more appropriately characterized as the product of his investigation and are entitled to broad protection under the holding in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), as follows:

"Notes of conversations with witnesses are so much a product of a lawyer's thinking and [possess] so little probative value of the witness's actual words that they are absolutely protected from disclosure." *Hickman, supra*, (quoting *In Re: Grand Jury Investigation*, 412 F.Supp. 943, 949 (E.D.Pa.1976)).

Extraordinary relief is authorized to prevent the improper disclosure of information of the type sought here.

"Once the information is furnished, it cannot be recalled.... The injury suffered by petitioners, assuming their adversaries have no right to this disclosure under the civil rules, will be complete upon compliance with the order and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy." *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961).

While the Court of Appeals failed to address the order relating to document production, the Jefferson Circuit Court recognized that the documents in question were notes taken by appellant. The required production was clearly erroneous.

## II. DEPOSITION OF APPELLANT CONCERNING STATEMENTS MADE BY DR. SLATER

The Court of Appeals affirmed the trial court's order that appellant appear for his deposition, with such deposition being limited to statements made to him by Dr. Slater.

While a discovery deposition of an attorney is not expressly prohibited by the Kentucky Rules of Civil Procedure, our courts have not defined the circumstances in which a party's counsel may be deposed. CR 26.01, 26.02 and 27.01. Foreign jurisdictions, however, have addressed this issue and commented on the limited circumstances in which opposing counsel may be deposed. *Shelton v. American Motors*, 805 F.2d 1323 (8th Cir.1986). In *Shelton*, the 8th Circuit stated:

"[The] practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without the fear of being interrogated by his or her opponent." *Id.*

*Shelton* further provided that opposing counsel may only be deposed after the party seeking discovery has shown that

"(1) No other means exist to obtain the information than to depose opposing counsel (citation omitted); (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case." *Id.*

*Hickman, supra*, has also commented on the deposing of opposing counsel and stated, in pertinent part:

"Under ordinary conditions, forcing an attorney to repeat or write out all that witnesses have told him and to deliver the account to his adversary gives rise to grave dangers of inaccuracy and untrustworthiness. No legitimate purpose is served by such production. The practice forces the attorney to testify as to what he remembers or what he saw fit to write down regarding witnesses' remarks."

In our view, the foregoing decisions address this issue appropriately and provide the proper standard. In some rare or extraordinary circumstance, the deposition of

counsel for a party might be necessary, but the potential for harm to the administration of justice is too great to permit such a practice routinely.

In the instant case, appellee, Dr. Slater, will be available to testify at trial as to what he told appellant if such becomes relevant. The discovery sought here fails in several respects to satisfy the required standard and the Court of Appeals' order directing appellant to submit to a deposition was an abuse of discretion.

Accordingly, the order of the Court of Appeals denying prohibition is reversed and this cause is remanded to the Jefferson Circuit Court with directions to vacate its order of October 3, 1991.

All concur.