# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 18, 2016
NOT-TO-BE-PUBLISHED

# Supreme Court of Kentucky

2015-SC-000410-MR

DATE 3/10/16 Chasity Kittrell b.c.

KRAIG HANKINS and
KENNETH R. REED, ESQ.                                                    APPELLANTS


ON APPEAL FROM COURT OF APPEALS
V.                              CASE NO. 2015-CA-000569
GREENUP CIRCUIT COURT NOS. 14-CI-00223 AND 14-CI-00270


HON. THOMAS M. SMITH, SPECIAL JUDGE                          APPELLEE
GREENUP CIRCUIT COURT


AND


CITY OF FLATWOODS, KENTUCKY;              REAL PARTIES IN INTEREST
BOBBY F. CRAGER; BRENT DEAN;
CODY DEAN; CHRIS CASTLE;
MARTY HOFFMAN; SCOTT GILLUM;
AND HEATHER MCKENZIE


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Appellants Kraig Hankins and his attorney, Kenneth R. Reed (collectively

referred to as "Appellants"), request a writ prohibiting the trial court from

enforcing its order compelling discovery.  Hankins also requests a writ

mandating additional discovery concerning his wrongful termination and tort

claims.  The Real Party in Interest is the City of Flatwoods, Kentucky (the

"City").  Having reviewed the record and the law, we affirm the Court of

Appeals' order denying Appellants' request for writs of prohibition and

mandamus.

## Factual and Procedural Background

In his underlying suit, Appellant Hankins alleges that he was wrongfully terminated from his position as Chief of Police in retaliation for Hankins' refusal to disclose information concerning an ongoing criminal investigation to the City Mayor. In contrast, the City asserts that Hankins was terminated due to insubordination, improper management, and sexual harassment. To clarify, the present case involves an appeal from an administrative determination under the Kentucky statutes governing police officer discipline, and a common law wrongful termination claim. The Greenup Circuit Court consolidated the two actions.

The City moved for summary judgment arguing, inter alia, that Hankins failed to exhaust his administrative remedies. KRS 15.520; and KRS 95.450. Neither Hankins nor his attorney, Mr. Reed, attended the administrative hearing that addressed the alleged grounds for Hankins' termination.

Prior to moving for summary judgment, the City attempted to subpoena Attorney Reed to produce various documents. Reed contended that several of the materials sought by the City were privileged. As such, Reed refused to produce those documents. In addition to its motion for summary judgment, the City moved to compel the production of those materials. The trial court held a hearing on both motions.

The court denied the City's summary judgment motion so that Hankins could conduct discovery. The court granted the City's motion to compel in part. In its order dated April 6, 2015, the trial court ordered Appellants to

produce the following materials: 1) Attorney Reed's communications with the Greenup County Commonwealth's Attorney regarding the City employees named as defendants in the underlying case; 2) documents and electronic communications between Reed and the City Attorney as requested in Defendants' Subpoena Duces Tecum[1]; 3) responses to several discovery requests that are only identified by number (i.e. Interrogatory Number 7); and 4) copies of two newspaper stories. It is from this order that Appellants appeal. Appellants only take issue with items one and two.[2]

Appellants argue that the contested materials are privileged and relate to an ongoing criminal investigation of City employees that is being conducted in part by the Kentucky State Police. In order to protect this information, Appellant filed a petition for a writ of prohibition in the Court of Appeals. Appellant also filed a petition for a writ of mandamus and a motion for intermediate relief in the Court of Appeals seeking to stay the trial court's discovery order. The Court of Appeals denied the writ petitions and the motion for intermediate relief. Only the issue of writ relief is before this Court.

## Standard of Review

An appellate court has discretion to grant a writ where a trial court is proceeding within its jurisdiction upon a showing that the court is: 1) acting or

---

[1] Although it is unclear from the trial court's order, the Court of Appeals states that these materials concern "Reed's communication with the attorney for the City while they were trying to schedule the administrative hearing."

[2] Appellants also request that this Court issue a writ so that Appellant Hankins "does not have to answer certain Interrogatories . . . ." However, Appellants have failed to develop that argument. Therefore we will not address it.

is about to act erroneously; 2) there exists no adequate remedy by appeal or otherwise, and 3) great injustice and irreparable injury will result if the petition is not granted. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). We review the Court of Appeals' determination under an abuse of discretion standard. *Sowders v. Lewis*, 241 S.W.3d 319, 322 (Ky. 2007).

## Analysis

On the issue of enforcement of the trial court's discovery order, the Court of Appeals concluded that writ relief was unavailable to Hankins because he failed to demonstrate irreparable injury. However, we have previously held that "violation of a privilege satisfies both the requirement of no adequate remedy by appeal, 'because privileged information cannot be recalled once it has been disclosed,' and the substitute requirement in 'special cases' that the administration of justice would suffer." *Collins v. Braden*, 384 S.W.3d 154, 158 (Ky. 2012) (citing *St. Luke Hospitals, Inc. v. Kopowski*, 160 S.W.3d 771, 775 (Ky. 2005). Therefore, this case is proper for writ review.

Nevertheless, the Court of Appeals was correct in holding that Appellants failed to satisfy their burden of proving to the trial court that the contested communications are privileged.[3] *See Collins*, 384 S.W.3d 154 at 163 (denying writ relief to claimants where record was insufficient to permit determination whether various documents regarding hospital's investigation of patient's death were protected by attorney-client privilege).

---

[3] Appellants repeatedly refer to the communications as "privileged" without stating which specific privilege that they are invoking. We will assume Appellants are referring to the attorney-client privilege.

4

*Collins* provided three ways in which a party asserting privilege could protect its interest: 1) an *in camera* review by the trial court; 2) a detailed privilege log with descriptions sufficient to establish the privilege; or 3) an offer of proof describing the documents. *Id.* at 164. Appellants have not availed themselves of any of these approaches. Thus, Appellants have failed to "provide the [trial] court with sufficient information to show the existence of the elements of the privilege and to allow review of that decision by higher courts." *Id.* at 164-65.

Appellants contend that *Collins* is inapplicable here. They argue that we should apply the standard in *McMurry v. Eckert*, 833 S.W.2d 828 (Ky. 1992). In that case, this Court granted a writ prohibiting the trial court from ordering the production of an attorney's notes concerning statements made by a physician during an interview between the physician and the attorney. *Id.* at 830. The court determined that the notes were protected under the work-product doctrine. *Id.* (citing CR 26.02(3)(b)). *McMurry* is inapplicable here because Appellants are claiming that the communications that were the subject of the trial court's order compelling discovery were protected by privilege, not the work-product doctrine. Furthermore, the primary issue in *McMurry* discussed the appropriateness of the practice of deposing opposing counsel, not the disclosure of third party communications. In contrast, *Collins* addressed the issue of attorney-client privilege. Thus, *Collins* is controlling here.

Moreover, the communications at issue here were between Attorney Reed and either the Greenup County Commonwealth's Attorney or the City Attorney.

These are clearly third party communications that are not protected by attorney-client privilege. *See Collins,* 384 S.W.3d at 159. Therefore, the Court of Appeals did not abuse its discretion in denying Appellants' petition for a writ of prohibition.

Appellants also request a writ mandating additional discovery concerning Hankins' wrongful termination case. On this issue, Appellants have failed to demonstrate that they are entitled to writ relief. The Court of Appeals correctly determined that although the trial court cautioned Appellants not to engage in a fishing expedition, the trial court's order does not preclude the additional discovery of the nature Appellants assert in their petition. Thus, the Court of Appeals did not abuse its discretion in denying Appellants' petition for a writ of mandamus.

Appellants also speculate that the trial court may order Attorney Reed's deposition and sanctions. However, these concerns were not mentioned in the trial court's order at issue here. Therefore, we will not address these issues.

## Conclusion

For the foregoing reasons, we affirm the Court of Appeals' order denying Appellants' request for writs of prohibition and mandamus.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Kevin L. Murphy

APPELLEE:

Hon. Thomas M. Smith
Special Judge, Greenup Circuit Court

COUNSEL FOR REAL PARTIES IN INTEREST:

Licha Hannah Farah, Jr.
Robert Stephen McGinnis
Theodore R. Martin