# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 17, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2015-SC-000206-MR

AMERICAN OPTICAL CORPORATION                               APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                    CASE NO. 2015-CA-000060-OA
PERRY CIRCUIT COURT NOS. 05-CI-00589 & 06-CI-00571

HONORABLE WILLIAM ENGLE III,
JUDGE, PERRY CIRCUIT COURT                                APPELLEE

AND

BURL MULLINS AND
ESTATE OF JOHN PUGH                          REAL PARTIES IN INTEREST

### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

The trial court ordered American Optical Corporation to comply with a discovery request. American Optical filed a motion to reconsider, which the trial court granted in part and denied in part. American Optical now seeks a writ of prohibition to prevent the trial court's enforcement of that discovery order. The Court of Appeals denied the petition for writ, and we affirm.

## I. BACKGROUND.

The underlying action alleges that former coal miners Burl Mullins and John Pugh (Real Parties) contracted black lung disease despite years of using respirators designed and manufactured by American Optical. Real Parties and

other miners brought individual products liability claims against American Optical and other respirator manufacturers and suppliers. Those suits were consolidated into the two underlying cases pending in Perry Circuit Court: *Fred Hill, et al. v. 3M Company, et al.*, 05-CI-00589 and *Delbert Miller, et al. v. 3M Company, et al.*, 06-CI-00571.

During discovery in 2007, Real Parties requested the production of documents relating to American Optical's design, testing, and manufacturing of negative pressure air purifying respirator series R2000, including models R2090 and R2090N, which were allegedly worn by Real Parties from 1974 until the early 1990s. American Optical complied and produced 1,556 pages of material. On June 26, 2014,[1] Real Parties filed a motion to compel discovery of additional documents, which had allegedly been produced by American Optical in a similarly situated case pending in Bell County. The trial court conducted a hearing, and, on August 27, 2014, the court entered a written order compelling the production of documents relating to all negative pressure air purifying respirators manufactured by American Optical during the time period

---

[1] We note that at least part of the delay in this litigation was the result of an earlier request for a writ of prohibition against Hon. Judge Engle by Real Parties and other miners (the Plaintiffs). *3M Co. v. Engle*, 328 S.W.3d 184 (Ky. 2010), *as corrected* (Dec. 27, 2010). There, 3M Company and American Optical sought to depose the Plaintiffs' attorney to support a statute of limitations argument based on the discovery rule. *Id.* at 186-87. The Plaintiffs filed motions for a protective order against the deposition, but the trial court denied them and ordered the attorney to appear to be deposed. *Id.* The Plaintiffs sought a writ of prohibition from the Court of Appeals to prevent enforcement of the order, and the Court granted the writ. *Id.* 3M Company and American Optical appealed to this Court, and we reversed and vacated the issuance of the writ. *Id.* at 191. In so doing, we held that the Plaintiffs waived any attorney-client privilege with regard to the matters about which the attorney was to be deposed; thus, the Plaintiffs did not make the showing necessary for the issuance of an extraordinary writ because the trial court did not act erroneously in compelling the deposition. *Id.* at 190-91.

2

in which the R2000 series respirators were manufactured, i.e. from 1947 to 1995.

American Optical filed a motion to reconsider, arguing that the August 27 Order was overbroad and compelled production of irrelevant material. On December 4, 2014, the trial court granted the motion in part, limiting its August 27 Order to include only documents relating to half mask or quarter mask particulate removing negative pressure air purifying respirators manufactured from 1947 to 1995. In doing so, the trial court reasoned that it had balanced the burden on American Optical with the potential for relevant disclosures.

Following the December 4 Order, American Optical sought a writ of prohibition from the Court of Appeals. The Court denied the petition, finding that Real Parties sought relevant material and that any burden on American Optical did not amount to a miscarriage of justice. American Optical now brings this appeal as a matter of right. Kentucky Rule of Civil Procedure (CR) 76.36(7)(a). We set forth additional facts as necessary below.

## II. ANALYSIS.

This Court has long held that writs of prohibition are extraordinary remedies and therefore disfavored. *Buckley v. Wilson*, 177 S.W.3d 778, 780 (Ky. 2005). As we observed in *Cox v. Braden*:

> The expedited nature of writ proceedings necessitates an abbreviated record. This magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants, if the process were not strictly scrutinized for appropriateness. As such, the specter of injustice always hovers over writ proceedings, which explains why courts

3

of this Commonwealth are—and should be—loath to grant the extraordinary writs unless absolutely necessary.

266 S.W.3d 792, 795 (Ky. 2008). Writ cases are divided into two classes, which are distinguished by whether the lower court arguably is (1) acting without or beyond its jurisdiction, or (2) acting erroneously within its jurisdiction. *Southern Financial Life Ins. Co. v. Combs*, 413 S.W.3d 921, 925 (Ky. 2013) (citing *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961)). Because American Optical admits that the writ sought in this case falls within the second class, we do not address the first class.

A second class writ of prohibition will not be granted unless the petitioner establishes that "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise," and it usually requires a showing that "great injustice and irreparable injury will result if the petition is not granted." *Lee v. George*, 369 S.W.3d 29, 32 (Ky. 2012) (citing *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). However, in "certain special cases" we will allow a writ to be issued "in the absence of a showing of specific great and irreparable injury . . . provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, and correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Bender*, 343 S.W.2d at 801. Because American Optical argues a writ is necessary under both the general irreparable injury and the miscarriage of justice pathways, we address those prerequisites first.

4

## A. Irreparable Injury.

American Optical argues that compliance with the trial court's December 4 Order will cause irreparable injury because it mandates the production of irrelevant material at an undue burden. Essentially, American Optical submits that it has already produced documents that relate to the specific respirators that Real Parties allegedly wore—models R2090 and R2090N. It argues that the trial court's order compels disclosure of documents relating to respirators which were not worn by Real Parties and, thus, not relevant to the issues in the case. Furthermore, American Optical takes issue with the time frame involved. It is undisputed that Real Parties did not use American Optical respirators before 1974, but the December 4 Order requires production of documents dating back to 1947. Again, American Optical argues that the order is requiring the production of obviously irrelevant material. American Optical posits that it is the subject of a calculated fishing expedition by Real Parties to delay litigation and lead to potential future unrelated litigation, and that this waste of time, money, and resources will cause irreparable injury.

These arguments must fail. First, "showing irrelevancy is not a method of proving great and irreparable injury. Mere possession of irrelevant information by an opposing party is not 'something of a ruinous nature.'" *Grange Mutual Ins. Co. v. Trude*, 151 S.W.3d 803, 811 (Ky. 2004), *as modified* (Dec. 1, 2004) (quoting *Bender*, 343 S.W.2d at 801.). For this reason, this Court has been inclined to find irreparable injury primarily when the trial court has ordered production of privileged or confidential material. *See The St. Luke*

5

*Hospitals, Inc. v. Kopowski,* 160 S.W.3d 771, 777 (Ky. 2005) (attorney-client privilege); *Grange Mutual,* 151 S.W.3d at 815 (employee personnel records); *Wal-Mart Stores, Inc. v. Dickinson,* 29 S.W.3d 796, 801 (Ky. 2000) (trade secrets). American Optical makes no argument that the documents sought are protected by any privilege or will breach a confidence if disclosed to the litigants. Furthermore, American Optical's assertion that disclosed material might be used against it by unknown plaintiffs in unknown future actions is speculation. Thus, we are not persuaded that, even if irrelevant, disclosure will cause irreparable injury to American Optical.

American Optical next argues that the irreparable injury is the burden of amassing and producing the documents pursuant to the order. American Optical estimates that compliance with the order will take weeks and require reviewing more than 50 Bankers Boxes of documents and an unindexed electronic database. This Court agrees with both the trial court and the Court of Appeals that American Optical will be burdened by complying with this order, but we also agree that this burden is not undue. Real Parties are entitled to litigate their claims, and, as a direct result of that, they are entitled to seek relevant discovery to prove those claims. The record clearly indicates that the trial court weighed the requests with the burden and found both to be proportional and reasonable. "[B]eing forced to bear the cost of defending a lawsuit simply does not rise to the level of great and irreparable injury . . . ." *Indep. Order of Foresters v. Chauvin,* 175 S.W.3d 610, 616 (Ky. 2005); *see also Fritsch v. Caudill,* 146 S.W.3d 926, 930 (Ky. 2004)("As to great and irreparable

injury, we see none. Inconvenience, expense, annoyance, and other undesirable aspects of litigation may be present, but great and irreparable injury is not."). American Optical's burden to comply with the December 4 Order is not undue, disproportional, nor extraordinary and will not inflict an irreparable injury.

## B. Substantial Miscarriage of Justice.

In the alternative, American Optical argues that this case is a "certain special case" which does not require a showing of irreparable injury. We have stressed that these cases are "rare exceptions and tend to be limited to situations where the action for which the writ is sought would violate the law, e.g. by breaching a tightly guarded privilege or by contradicting the requirements of a civil rule." *Grange Mutual*, 151 S.W.3d at 808. As outlined in *Grange Mutual*, when discovery of irrelevant material could fall under this certain special cases alternative, "we must evaluate the relevance of the requested discovery to see if its production would be a substantial miscarriage of justice and correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Id.* at 811 (internal quotations omitted). Thus, we must analyze the relevancy of the documents to be produced under the December 4 Order.

As stated above, the order compels production of documents relating to half mask or quarter mask particulate removing negative pressure air purifying respirators manufactured by American Optical between 1947 and 1995. American Optical conceded in its brief that it has produced *all* documents

7

responsive to the order from the period of 1972 through 1995; therefore, we only address the relevance of documents between 1947 and 1972.

American Optical argues that documents from this time frame are not relevant for several reasons. First, Real Parties did not use American Optical respirators before 1974; thus, documents that pre-date 1972 are irrelevant. Second, American Optical submits that federal regulations for the testing and approval of respirators were revised in 1972, so it should not be required to produce documents on respirators whose designs pre-date 1972 because those respirators were approved under earlier regulations. Finally, American Optical argues that the scope of the order is overbroad because it includes respirators which Real Parties did not use, as well as ones that were not used in or marketed to the coal mining industry.

Real Parties maintain that the scope of the order is broad by design. Real Parties allege that American Optical knew or should have known that its R2090 and R2090N respirator models were defective and that American Optical knew about safer feasible alternative designs but did not market or provide them to the coal mining industry. It is under this theory of liability that Real Parties argue that production of documents relating to respirators designed before 1972, as well as documents relating to respirators not used by them or other coal miners, is relevant. Similarly, Real Parties submit that the change in federal regulations is irrelevant to its theory of discovery; they seek documentation of the defects known to American Optical dating back to 1947 regardless of the regulatory impact.

8

Our yardstick for relevancy is CR 26.02(1), which permits "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Furthermore, in the products liability context, we held that discovery includes the right to investigate to determine similarity. *Volvo Car Corp. v. Hopkins*, 860 S.W.2d 777, 779 (Ky. 1993).

We agree with Real Parties that the material sought by the order is sufficiently relevant that compelling production would not be a substantial miscarriage of justice. Viewed in the context of Real Parties' theory of liability, the order is aimed at producing documents proving that either American Optical knew of defects or knew of safer alternative technologies and did not make them available to the coal mining industry. If the latter is true, such proof would most likely be found in documents relating to respirators not used by Real Parties. In other words, Real Parties have the right to investigate similarity, or absence thereof, in other respirators manufactured by American Optical. Moreover, we agree that one way to prove American Optical knew of defects or better technology before 1974 is to introduce documents or statements which pre-date 1974. Nonetheless, it seems reasonable to limit this search to the earliest year of R2000 series production: 1947. Finally, we agree that the change in federal regulations is irrelevant to American Optical's knowledge. Federal compliance is not at issue in this case; what the Real

9

Parties seek and what is at issue is American Optical's knowledge regarding respirator defects and safer alternative technology.

We are convinced that the documents to be produced pursuant to the December 4 Order are sufficiently relevant to the subject matter of the action and reasonably calculated to lead to admissible evidence that production would not be a substantial miscarriage of justice. Accordingly, American Optical has failed to prove either an irreparable injury or a substantial miscarriage of justice; therefore, it has failed to establish a necessary prerequisite for a second class writ of prohibition. The petition for writ must be denied.

## III. CONCLUSION.

For the reasons stated above, we affirm the Court of Appeals's denial of American Optical's petition for writ of prohibition.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Wright, J., not sitting.

COUNSEL FOR APPELLANT:

Robert Michael Connolly
Carol Dan Browning
Whitney Frazier Watt
Kristina M. Wetterer
Stites & Harbison, PLLC

COUNSEL FOR APPELLEES/REAL PARTIES IN INTEREST:

Nathaniel Leslie Collins
Adam Peter Collins
Collins & Collins, PSC