# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: SEPTEMBER 22, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000390-MR

DEER RUN ESTATES, LLC                                              APPELLANT

                   ON APPEAL FROM COURT OF APPEALS
V.                            CASE NO. 2015-CA-000324
                   MERCER CIRCUIT COURT NO. 09-CI-00438

HON. DARREN W. PECKLER                           APPELLEE
(JUDGE, MERCER CIRCUIT COURT)

AND

RONNIE LEE ROBERTSON;              REAL PARTIES IN INTEREST
SUSAN K. ROBERTSON;
CHRISTOPHER C. DUNBAR;
PATRICIA ANN DUNBAR; DAVID RASKIN;
CAROL RASKIN; BERNARD G. BATES;
DEBORAH BATES; WILLARD COLEMAN;
REBECCA CONLEY; MICHAEL INMAN;
AND LINDA P. INMAN

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Deer Run Estates, LLC, sought a writ of prohibition in the Court of Appeals to restrain the Mercer Circuit Court from enforcing a discovery order. The Court of Appeals denied the writ. For reasons stated below, we affirm.

Deer Run Estates, LLC, is a residential real estate development. Pursuant to its restrictive covenants, those who purchase lots in the development are required to pay an annual maintenance fee. The Real Parties in Interest ("Homeowners") in this action are homeowners in the Deer Run Estates who filed suit against Appellant demanding an accounting and alleging that Appellant had misapplied the maintenance fees. In the course of the lawsuit, the Homeowners served upon Appellant interrogatories and requests for production of documents seeking discovery of Appellant's financial records. The circuit court denied Appellant's objection to the Homeowners' request for production and ordered Appellant to produce certain tax returns and bank statements.

Appellant then petitioned the Court of Appeals for a writ of prohibition to enjoin enforcement of the discovery order. The Court of Appeals denied the petition. This appeal followed pursuant to CR 76.36(7).

A writ of prohibition is an extraordinary remedy. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). It may be issued when "the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *PremierTox 2.0 v. Miniard*, 407 S.W.3d 542, 546 (Ky. 2013) (quoting *3M Co. v. Engle*, 328 S.W.3d 184, 187 (Ky.

2

2010)).[1] We review the Court of Appeals' findings of fact relating to the conditions precedent for issuance of a writ for clear error, *Grange Mutual Insurance Company v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004), determining from the record if there is substantial evidence to support its findings, *Miller v. Eldridge*, 146 S.W.3d 909, 917 (Ky. 2004). If the conditions necessary for issuing the writ are present, the decision to deny the petition is reviewed for an abuse of discretion. *Id.*

The Court of Appeals denied the writ because Appellant failed to establish either of the first two conditions required for its issuance—that the trial court acted erroneously (or was about to do so), and that Appellant had no adequate remedy by appeal or otherwise. The Court of Appeals found that the requested financial documents were relevant to the issue of the alleged misuse of funds and the Homeowners' demand for an accounting. Accordingly, it concluded that the circuit court had not acted erroneously when it entered its discovery order. The Court of Appeals also concluded that since the record does not reveal that Appellant requested a protective order to address potential disclosure of confidential financial information, Appellant failed to demonstrate lack of an adequate alternative remedy.

Appellant asserts the Court of Appeals made factual errors and abused its discretion. Appellant contends that the relevance of the requested

---

[1] Not at issue here, the other type of case in which a writ may issue is when the lower court is proceeding or is about to proceed outside of its jurisdiction. *PremierTox 2.0*, 407 S.W.3d at 546.

3

documents cannot be established until after the circuit court determines if the Homeowners are entitled to an accounting and, therefore, the Court of Appeals erred by finding that the requested documents were relevant and discoverable. As to the Court of Appeals' finding that Appellant failed to show that it requested a protective order and otherwise had no adequate alternative remedy, Appellant asserts that it requested the circuit court to enter an appropriate protective order when it resisted the Homeowners' discovery request.

Upon review of the record before us, we are not persuaded that the Courts of Appeals erred in determining that the requested financial documents are discoverable under CR 26.02. We also see no error in the Court of Appeals' determination that Appellant had an alternative form of relief by way of a protective order to prevent the disclosure of confidential portions of the requested documents.

Since the case before us originated with Appellant's petition in the Court of Appeals, the circuit court record of the underlying action is not before us. Nothing has been presented to refute the Court of Appeals' finding that Appellant failed to seek a protective order. Nevertheless, even if Appellant had requested a protective order, it appears that it did not pursue and receive a ruling on the request, and so the conclusion that Appellant failed to demonstrate a lack of an available alternate adequate remedy remains supported by the record.

With no clear error in the Court of Appeals' factual findings, either of its legal conclusions — that the circuit court did not act erroneously or that Appellant failed to demonstrate a lack of an adequate remedy by appeal or otherwise — stands and justifies its refusal to issue a writ of prohibition. Consequently, we affirm the Court of Appeals' denial of Appellant's writ petition.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Noel Mark Botts


COUNSEL FOR APPELLEES:

Honorable Darren Peckler
Circuit Judge

Charles E. Jones
Mcnamara & Jones

5