# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 15, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

## 2016-SC-000134-MR

BOBBY REYNOLDS AND PHAEDRA             APPELLANTS
SPRADLIN, UNITED STATES BANKRUPTCY
TRUSTEE FOR BOBBY REYNOLDS


V.
ON APPEAL FROM COURT OF APPEALS
2015-CA-001898
PERRY CIRCUIT COURT, NO. 15-CI-00589


HONORABLE ALISON C. WELLS, JUDGE,            APPELLEE
PERRY CIRCUIT COURT

AND

3M COMPANY AND MINE SAFETY       REAL PARTIES IN INTEREST
APPLIANCES COMPANY


## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Bobby Reynolds appeals a ruling by the Court of Appeals denying his original action for interlocutory relief. The Court of Appeals denied Reynolds's petition for Writ of Prohibition because it determined Reynolds failed to meet his burden of establishing attorney-client privilege. We likewise agree that Reynolds did not meet his burden of proof, and we affirm the Court of Appeals' ruling denying him the writ.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

In 2005, Bobby Reynolds and a group of coal miners filed a products-liability suit against manufacturers of respiratory-protection devices, including Real Party in Interest 3M Co (3M). Last year, 3M moved for summary judgment, alleging that Reynolds's claim was barred by judicial estoppel because he failed to disclose this potential claim as an asset in a prior personal bankruptcy proceeding. In turn, Reynolds opposed summary judgment for two reasons: (1) he sought and was granted leave to reopen his bankruptcy proceeding to amend his schedule to include the claim, an amendment, he asserts relates back to the original filing; and (2) 3M did not establish that his failure to include the claim was not inadvertent. The trial court accordingly denied 3M's motion for summary judgment with leave to refile following further discovery.

3M then served discovery requests on Reynolds in an attempt to flesh out when he first consulted with and retained an attorney for his products-liability claim. Reynolds objected to the discovery request, asserting that the information is not discoverable as a matter of the attorney-client privilege. 3M moved to compel discovery. [Reynolds produced a privilege log but failed to allow in camera review of the documents.] The trial court granted 3M's motion to compel discovery because Reynolds failed to prove the documents at issue were privileged.

Reynolds filed an original action in the Court of Appeals seeking a Writ of Prohibition to prohibit the trial court from enforcing its order compelling discovery. The Court of Appeals denied his petition, also agreeing that Reynolds failed to meet his burden of establishing the attorney-client privilege applied to these documents. He now appeals to this Court as a matter of right and asks

2

that we reverse the Court of Appeals' opinion and, in turn, issue the writ. Because the Court of Appeals' decision was based on a sound assessment of Kentucky evidence law, we affirm the ruling below.

## II. ANALYSIS.

### A. The Writ Standard.

When ruling on a writ petition, we must first determine whether a writ is appropriate. Only then will we look to the merits of the petition to review the lower court's decision. A decision to issue a writ is completely within this Court's discretion.[1] A writ is an extraordinary remedy and is one we apply with great caution. We have recognized two specific situations where this type of relief is appropriate:

> [U]pon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if petition is not granted.[2]

No one disputes that the trial court is acting within its jurisdiction managing the discovery process in Reynolds's case. So Reynolds's writ claim is premised entirely on this second class of writs, available only in instances where there is no adequate appellate remedy and when "great injustice and irreparable injury is sure to result from the lower court proceeding."[3]

---

[1] *Hoskins v. Maricle*, 150 S.W.3d 1, 5 (Ky. 2004).

[2] *Id.* at 10.

[3] *Id.*

Disclosure of privileged information is a paradigmatic example of the precise type of case contemplated by the "special cases" subcategory of the second-class writ. This is the case despite no irreparable injury to the petitioner personally because, "where privileged information is in danger of being disclosed, there is no adequate remedy on appeal."[4] The disclosure of privileged information is a bell that cannot be un-rung; once it is revealed it cannot be recalled. We agree that this case satisfies our objective writ standard. But we now turn to the merits of the trial court's ruling to determine whether Reynolds in fact established that the information was privileged.

Kentucky Rules of Evidence (KRE) 503 offers a comprehensive declaration regarding the attorney-client privilege under Kentucky law. The rule states, in relevant part, as follows:

> (b) General rule of privilege. A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client:
>
> (1) Between the client or a representative of the client and the client's lawyer or a representative of the lawyer;
> (2) Between the lawyer and a representative of the lawyer;
> (3) By the client or a representative of the client or the client's lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein;
> (4) Between representatives of the client or between the client and a representative of the client; or
> (5) Among lawyers and their representatives representing the same client.
>
> (c) Who may claim the privilege. The privilege may be claimed by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee, or similar representative of a corporation, association, or other

---

[4] *3M Co. v. Engle*, 328 S.W.3d 184, 188 (Ky. 2010).

organization, whether or not in existence. The person who has the lawyer or the lawyer's representative at the time of the communication is presumed to have authority to claim the privilege but only on behalf of the client.

As the Court of Appeals correctly stated, the attorney-client privilege only shields from disclosure confidential communications made for the purpose of legal advice.[5] This is limited to communications made *to* the attorney; it does not cover "any facts or claims reported to the attorney from all discovery."[6] This is an admittedly tight rope to walk, but it is not unknown for this Court to deny writ petitions on the basis of privilege when the petitioner has failed to meet his burden of proof. We have steadfastly made clear that the party claiming privilege bears the burden of proof in proving its applicability.[7] This is primarily because testimonial privileges, such as the attorney-client privilege, are disfavored.[8] And finally, lower court rulings on privileged information are entitled no deference and reviewed de novo.[9]

To prove the existence of a privileged communication, the proponent must show that it was: (1) between a lawyer and client; (2) intended to be kept confidential; and (3) made for the purpose of facilitating rendition of legal services to the client.[10] And it is the proponent's duty to offer sufficient detail to each supposedly privileged document to persuade the court that the information in question is not discoverable.

---

[5] *See Lexington Pub. Library v. Clark*, 90 S.W.3d 53, 60 (Ky. 2002).

[6] *Collins v. Braden*, 384 S.W.3d 154, 159 (Ky. 2012).

[7] *Stidham v. Clark*, 74 S.W.3d 719, 725 (Ky. 2002).

[8] *See id.* at 722-23.

[9] *See Lexington Public Library*, 90 S.W.3d at 62.

[10] *See Collins*, 384 S.W.3d at 161.

5

Reynolds failed to present for in camera review any of his privileged information in any of the courts below. Instead, he offered only a simple privilege log detailing the relevant pieces as follows:

1. Information questionnaire sheet filled out for Hollon & Collins law firm on October 29, 2004.
2. Retainer contract with Hollon & Collins signed May 16, 2005.
3. Letter from Hollon & Collins advising that a lawsuit had been filed, dated November 1, 2005.

To be sure, there is nothing requiring Reynolds to present his privileged information for in camera review; it is simply one method of proof. But his privilege log must assure a reviewing court that the documents contain confidential communications related to obtaining legal advice. Reynolds must do more than simply provide document titles and declare the entirety of their contents privileged. The types of forms involved in this case themselves are not per se privileged, so we need some explanation of the substantive contents before we can authoritatively find the documents not discoverable.

We agree with the Court of Appeals that Reynolds has not done enough to prove the existence of privilege in the documents in question. For the first document—the client questionnaire—the lower Court was correct that Reynolds offers nothing to explain the nature of the information included in the sheet. Client intake questionnaires are not facially privileged; as 3M points out, a federal court ruled such forms are often only incident to an attorney's representation and not confidential.[11] We do not dispute that privileged information may in fact be found in Reynolds's answers to the questionnaire.

_____

[11] *See United States v. Leonard-Allen*, 739 F.3d 948, 952-53 (7th Cir. 2013). The federal court in question, of course, reached its determination based on the Federal Rules of Evidence. But the federal rules relating to the attorney-client privilege bear striking similarities to KRE 503.

But we have no way of knowing either way. So we must agree with the Court of Appeals that Reynolds failed to meet his burden on that item.

As for the retainer agreement, we likewise conclude Reynolds missed his mark. We reaffirm that the mere fact of representation is not privileged.[12] Though we reserve comment on 3M's notion for a general rule on the unprivileged nature of retainer agreements per se, we concur that Reynolds has made no showing to overcome our presumption against privileged evidence. In other words, Reynolds has offered us no basis for concluding that the contents of the contract include anything beyond a mere declaration of representation between Reynolds and his counsel—a fact that is not a confidential communication nor within the scope of KRE 503.

And finally, we agree with the Court of Appeals that the letter from Collins to Reynolds advising him that a suit had been filed is discoverable. The filing of a lawsuit is a matter of public record.[13] Public information does not become privileged simply from the act of an attorney commemorating it in a letter to a client. If there is any information within the letter advising Reynolds of legal opinions, strategy, etc., Reynolds should have offered a more robust privilege log fully apprising the trial court that the letter contained confidential information.

Because we must ultimately determine that Reynolds failed to prove the privileged nature of the communications with his attorney, a writ of prohibition is unavailable in this case. With such bare-bones information regarding the

---

[12] *See United States v. Haddad,* 527 F.2d 537, 538 (6th Cir. 1975).

[13] *See* Kentucky Revised Statutes (KRS) 61.870(1)(e) and 61.872.

nature of the potential disclosures, we have no choice but to affirm the Court of Appeals' decision to deny the writ.

### III. CONCLUSION.

For the foregoing reasons we affirm the Court of Appeals and deny Reynolds's petition for a writ of prohibition against the trial court's order to compel discovery.

All sitting. All concur.

COUNSEL FOR APPELLANT: BOBBY REYNOLDS

Nathaniel Leslie Collins
Collins, Collins & Conley, PSC

COUNSEL FOR APPELLANT: PHAEDRA SPRADLIN, UNITED STATES
BANKRUPTCY TRUSTEE FOR BOBBY REYNOLDS

Michael Conley
Conley Law Office, PLLC

Alison Courtney Wells, Judge, Perry Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST: 3M COMPANY

Byron N. Miller
Michael J. Bender
Thompson, Miller & Simpson, PLC

Bryant Jonathan Spann
Thomas, Combs & Spann, PLLC

COUNSEL FOR REAL PARTY IN INTEREST: MINE SAFETY APPLIANCES
COMPANY

Milton Trent Spurlock
Dinsmore & Shohl, LLP