RENDERED: APRIL 3, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0574-MR


JOHNNY WILSON AND
BERNICE WILSON                                                    APPELLANTS


                    APPEAL FROM PIKE CIRCUIT COURT
v.          HONORABLE HOWARD KEITH HALL, JUDGE
                    ACTION NO. 22-CI-00812



3M COMPANY F/K/A MINNESOTA
MINING AND MANUFACTURING
COMPANY; KENTUCKY MINE
SUPPLY; AND MINE SERVICE
COMPANY, INC.                                                      APPELLEES

AND


NO. 2023-CA-0615-MR


3M COMPANY                                                CROSS-APPELLANT


            CROSS-APPEAL FROM PIKE CIRCUIT COURT
v.          HONORABLE HOWARD KEITH HALL, JUDGE
                    ACTION NO. 22-CI-00812 & 20-CI-00382


JOHNNY WILSON AND
BERNICE WILSON                                            CROSS-APPELLEES

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND KAREM, JUDGES.[1]

CETRULO, JUDGE:  Coal miner Johnny Wilson ("Wilson") appeals a Pike

Circuit Court order denying his motion for relief pursuant to Kentucky Rule of

Civil Procedure ("CR") 60.02.  Additionally, 3M Company ("3M") cross-appealed

asking this Court to reverse the circuit court's earlier ruling denying summary

judgment on constructive knowledge.  After review, we affirm the circuit court's

denial of Wilson's CR 60.02 motion and dismiss 3M's cross-appeal as moot.

## PROCEDURAL BACKGROUND

In March 2020, Wilson initiated a personal injury suit in Pike Circuit

Court against 3M.[2]  Wilson claimed 3M was negligent, strictly liable for respirator

design defects, breached implied warranty, and committed fraud.  Wilson asserted

3M's 8710 respirators – disposable, single use masks (which miners referred to as

"dust masks") – did not protect him or other coal miners from pneumoconiosis,

commonly known as black lung.

---

[1] The originally assigned presiding judge on this appeal recused, but due to administrative oversight, this panel was not assigned until February 2026.

[2] Wilson's wife, Bernice, was a co-plaintiff claiming loss of consortium and is a co-appellant. Initially, Wilson also named six other respirator manufacturers and one respirator supplier. Later, Wilson's claim was joined with claims of 52 other coal miners.

Early in the proceedings, 3M sought dismissal based on Kentucky's one-year statute of limitations for personal injury claims, Kentucky Revised Statute ("KRS") 413.140(1)(a). 3M asserted that as Wilson knew he had black lung by 2013, the pivotal question was when did he know, or when should he have known, that 3M respirators might have been causally connected to his black lung. 3M asserted Wilson had *constructive* knowledge by 2013 (as "reasonably diligent investigation" would have revealed) and *actual* knowledge by January 2019 (when Wilson's attorney requested his medical records to evaluate his injury). Hence, 3M argued the suit was barred after January 2020.

To the contrary, Wilson argued summary judgment was not legally appropriate nor warranted. Wilson argued, when a plaintiff becomes aware of the defendant's conduct which caused his injury is a *question of fact for a jury*, not a matter appropriate for summary judgment. Regardless, he argued, the suit was not time barred. Wilson asserted he did not know there was a concern about his respirator until he heard a radio commercial in August 2019. Then in January 2020, Wilson's legal counsel Glenn Hammond ("Attorney Hammond")[3] requested Wilson's updated medical records, and only then, in February 2020, did Wilson engage Attorney Hammond to handle the respirator lawsuit. With his response, Attorney Hammond submitted an affidavit attesting to these dates.

---

[3] Attorney Hammond was already engaged to handle Wilson's workers' compensation claims.

In October 2021, the circuit court initially denied summary judgment, holding whether Wilson possessed constructive knowledge of possible claims against 3M was a question of fact for a jury ("2021 SJ Denial").

However, because Attorney Hammond's affidavit made him a fact witness, the circuit court granted 3M leave to depose him. Based upon numerous discrepancies and falsehoods 3M discovered through Attorney Hammond's testimony, 3M moved for dismissal on the statute of limitations and moved to strike the affidavit of counsel; the circuit court treated 3M's motion as a renewed motion for summary judgment.

On March 9, 2023, after conducting several hearings, the circuit court determined 3M proved Attorney Hammond's affidavit was "materially false" and granted 3M's motion ("2023 Order Dismissing"). The 2023 Order Dismissing held the evidence now established Wilson had actual knowledge of the alleged causal connection between the 3M respirators and his black lung no later than January 2019. Yet, Attorney Hammond failed to file those claims until March 2020. As such, the court determined Wilson's claims were time barred by the running of the one-year statute of limitations. KRS 413.140(1)(a). Wilson did not file a motion to alter, amend, or vacate the 2023 Order Dismissing pursuant to CR 59.05.

Instead, on March 31, 2023, Wilson moved the court to clarify and/or reconsider its Order Dismissing pursuant to CR 60.02.[4] Wilson argued the 2023 Order Dismissing did not address Wilson's fraud claim, and as such, the order was not final. Further, he asserted, as fraud is governed by a five-year statute of limitations – and that claim clock initiated in May 2018 when Wilson retained Attorney Hammond to explore a product liability case – his fraud claim remained pending before the court. Wilson argued that newly discovered evidence – a paper intake sheet dated May 10, 2018 – established the fraud claim's initiation and gave cause for the court to utilize CR 60.02 to clarify/reconsider its prior order.

To the contrary, 3M challenged Wilson's CR 60.02 motion on numerous grounds, including, but not limited to: (a) Wilson forfeited his fraud claim by not raising it in his response to 3M's motion for summary judgment; (b) his "newly discovered evidence" was not newly discovered as it could have been discovered previously with due diligence; (c) the five-year statute of limitation for fraud had passed as did the 10-year statute of repose, and (d) even if the fraud claim were timely, it would fail for lack of substantiation.

---

[4] Attorneys Mike Martin ("Attorney Martin") and Johnny Givens ("Attorney Givens") had joined Attorney Hammonds in representing Wilson. Attorney Martin and Attorney Givens filed this CR 60.02 motion in which they argued they "were precluded from contesting the [2023 Order Dismissing] for purposes of [CR] 59.05 because under [Supreme Court Rule] 3.130 [precluding attorneys from making false statements] they could not confirm the veracity of any statements made by [Attorney] Hammond without further investigation."

The circuit court conducted two hearings and then in April 2023, the circuit court denied Wilson's motion ("2023 CR 60.02 Denial"). The 2023 CR 60.02 Denial held that (1) Wilson did not preserve his fraud claim as he failed to specifically reassert it in his pleadings and arguments in response to 3M's renewed motion for summary judgment; (2) regardless of preservation, Wilson's fraud claim was time-barred by the 10-year statute of repose; and (3) Wilson's "newly discovered evidence" was not newly discovered as it was rooted in Wilson's testimony which was available to all parties before 3M filed its renewed motion for summary judgment. Wilson appealed.

## ANALYSIS

### A. Direct Appeal by Wilson

The only order on appeal is the 2023 CR 60.02 Denial, not the underlying 2023 Order Dismissing. The circuit court entered the 2023 Order Dismissing on March 9, 2023, and the CR 60.02 Denial on April 10, 2023. Wilson named both orders in his notice of appeal, but that notice was not filed until May 10, 2023. However, appellants have only 30 days to appeal. Kentucky Rule of Appellate Procedure ("RAP") 3(A)(1). A CR 60.02 motion does not toll that 30-day

appellate timeframe. RAP 3(E)(2). As such, only the 2023 CR 60.02 Denial was timely appealed.[5]

On appeal, "[w]e review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). "CR 60.02 provides that a court may grant a party relief from a final judgment upon one of several listed grounds, including mistake, newly discovered evidence, perjury, fraud, a void judgment, or for 'any other reason of an extraordinary nature justifying relief.'" *HP Hotel Mgmt., Inc. v. Layne*, 536 S.W.3d 208, 213 (Ky. App. 2017) (quoting CR 60.02).

Here, the 2023 CR 60.02 Denial addressed Wilson's attempt to revive his *fraud* claim by arguing the circuit court either erroneously failed to address that claim and/or the newly discovered evidence allowed that claim to proceed. However, the circuit court disagreed and stated there was no newly discovered

---

[5] We issued a show cause order on May 25, 2023, directing Wilson to show cause why the issues on appeal should not be limited to the 2023 CR 60.02 Denial. Wilson did not respond to that show cause order. Accordingly, on August 28, 2023, we issued an order noting RAP 3 does not preserve the 2023 Order Dismissing for appellate review.

-7-

evidence and Wilson did not preserve the fraud claim.  Further, the court determined – based on the statute of repose codified through KRS 413.120(11) and KRS 413.130(3) – in an action for damages for fraud, the cause of action must commence within 10 years after the perpetration of the fraud.  The court held, "[i]f 3M [] had perpetrated a fraud regarding the particular respirator that Mr. Wilson stopped using in 1998, Mr. Wilson had until 2008 to file a fraud claim regarding that particular respirator."  As Wilson initiated his suit in May 2020, the circuit court determined the fraud claim was barred by the 10-year statute of repose.  Thus, 3M was entitled to judgment as matter of law.

On appeal, Wilson argues not the *fraud* claim and the 2023 CR 60.02 Denial order on appeal, but his *personal injury* claims and the 2023 Order Dismissing.  As Wilson did not present any arguments *related to the order on appeal*, we have no arguments to analyze on review.  The issue as to the denial of 2023 CR 60.02 relief is more than unpreserved – it is completely waived by the failure to raise it in any fashion.  *See Prescott v. Commonwealth*, 572 S.W.3d 913, 927 (Ky. App. 2019) ("failure to present an argument . . . on appeal constitutes abandonment and/or waiver of this argument").  As Wilson presents no arguments as to how the circuit court abused its discretion, we affirm the Pike Circuit Court's order denying Wilson's motion for extraordinary relief pursuant to CR 60.02.

**Cross-Appeal by 3M**

In May 2023, 3M timely filed a protective cross-appeal. Even though 3M had prevailed with the dismissal based on Wilson's actual knowledge, 3M challenged the circuit court's 2021 SJ Denial wherein the court denied 3M's motion for summary judgment and determined constructive knowledge was a question of fact for a jury.[6] However, our resolution of the issues raised on direct appeal render the issues on cross-appeal moot. *See, by example*, *Bauer v. Hyundai Motor America, Inc.*, 701 S.W.3d 843, 856 (Ky. App. 2024) (quoting *Stanziano v. Cooley*, 598 S.W.3d 82, 88 (Ky. App. 2019)). As such, no discussion is warranted, and we dismiss 3M's cross-appeal.

## CONCLUSION

Accordingly, we AFFIRM the Pike Circuit Court.

ALL CONCUR.

---

[6] 3M argues the circuit court erred in its interpretation of *3M Co. v. Engle*, 328 S.W.3d 184 (Ky. 2010), because in that case our Supreme Court only intended the dicta "[w]hen a plaintiff is put on notice of his injury is a question of fact for the jury" to be limited to a discovery dispute, *not* an analysis of how to apply the discovery rule, citing *Boggs v. 3M Co.*, No. 12-6062, 2012 WL 3644967, at *6 (E.D. Ky. Aug. 24, 2012), *aff'd*, 527 Fed. App'x 415 (6th Cir. 2013). 3M asserts the Commonwealth's longstanding rule controls: when the material facts are undisputed, the court (not the jury) rules on the legal question of the case's timeliness, citing KRS 413.140 and *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 59-60, 67 (Ky. 2010). While 3M's argument is well-taken, we are not permitted advisory opinions. *See Associated Indus. of Kentucky v. Commonwealth*, 912 S.W.2d 947, 951 (Ky. 1995) (citations omitted).

BRIEFS FOR APPELLANTS/
CROSS-APPELLEES:

Glenn M. Hammond
Pikeville, Kentucky

BRIEFS FOR APPELLEES/
CROSS-APPELLANTS:

Byron N. Miller
Michael J. Bender
Louisville, Kentucky

Bryant J. Spann
Robert H. Akers
Charleston, West Virginia

Margaret Oertling Cupples
Simon T. Bailey
James Stephen Fritz, Jr.
Jackson, Mississippi